**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **CHELSIE BURROUGHS** | **CIVIL ACTION NO. 5:25-CV-01933** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **KTBS, LLC** | **MAGISTRATE JUDGE HORNSBY** |

## DEFENDANT'S FRCP 12(b)(6) MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes defendant KTBS, LLC, which pursuant to Federal Rules of Civil Procedure 12(b)(6) respectfully moves this Court for a Judgment dismissing the claims asserted against it by plaintiff Chelsie Burroughs ("Burroughs"), a former "Weekend Anchor/Reporter/MMJ [multimedia journalist]" for KTBS. In her Complaint, Burroughs asserts claims under the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and state law. She alleges that she was discriminated against based on her alleged disability (anxiety, depression and panic disorder), race (African American) and religion (Christian), and was retaliated against while she was employed by KTBS. She also alleges that KTBS failed to accommodate her purported disability and interfered with her rights under the FMLA. Claiming that she was subjected to a hostile work environment and was constructively discharged when she resigned on November 19, 2024, Burroughs alleges that her "working conditions became so intolerable," even though she had been on "medical leave" from KTBS for the three months leading up to November 19, 2024. She also alleges a state law claim of invasion of privacy based on KTBS' Human Resources ("HR") representative allegedly telling a co-worker "about [Burroughs'] EEOC charge and legal complaints."

When reviewing a complaint under the FRCP 12(b)(6) standard, all facts alleged in the complaint must be accepted as true, those facts must be construed in the light most favorable to the plaintiff, and all reasonable inferences must be drawn in favor of the plaintiff. *Morgan v. Swanson*, 659 F.3d 359, 396 (5th Cir. 2011). However, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal citations omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (internal citations omitted). To survive a Rule 12(b)(6) motion, the allegations must be sufficient "to raise a right to relief above speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Likewise, a plaintiff must put forth more than generalized, "unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts must accept all well-pleaded facts as true, courts do not have to accept as true "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quotation marks and citation omitted).

Burroughs alleges that she became employed by KTBS in October 2023 and that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 24, 2024 (the "EEOC Charge"). She generally alleges she was constructively discharged on November 19, 2024, without linking that claim to any particular statute or protected characteristic. She does not allege

that she ever amended the EEOC Charge or filed an additional EEOC charge. Burroughs' purported "constructive discharge" could not have been within the scope of the EEOC Charge, and she could not have exhausted her administrative remedies as to any constructive discharge claim because the claim had not yet arisen when she filed her EEOC Charge more than three months before November 19, 2024. Therefore, Burroughs' constructive discharge claim should be dismissed.

Further, Burroughs fails to allege facts sufficient to state plausible claims of hostile work environment, interference or retaliation under the FMLA, religious or race discrimination under Title VII, or discrimination, failure to accommodate or retaliation under the ADA. She also fails to allege facts sufficient to state a plausible invasion of privacy claim under Louisiana law. Therefore, these claims should be dismissed as well.

WHEREFORE, for the reasons set forth herein and those stated more thoroughly in Defendant's Memorandum in Support of the instant Motion, filed contemporaneously herewith and incorporated fully herein, defendant KTBS, LLC respectfully prays for a Judgment dismissing all of plaintiff Chelsie Burroughs' claims with prejudice.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By:____/s/ *Elizabeth M. Carmody*____
        Elizabeth Mendell Carmody, #25792
        Luke D. Whetstone, #37355
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850
elizabeth.carmody@cookyancey.com
luke.whetstone@cookyancey.com

ATTORNEYS FOR DEFENDANT,
KTBS, LLC

3

### CERTIFICATE

I HEREBY CERTIFY that on the 2nd day of February, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, with notice to be sent by operation of the court's electronic filing system to all counsel of record, and with a copy sent to Plaintiff Chelsie Burroughs, via her email address at Chelsieburroughs83@gmail.com, and via certified US mail, return receipt requested 9589 0710 5270 2956 1450 16, at 9584 Eden Road, Apt. 1318, Arlington, Texas 76002.

Shreveport, Louisiana, this 2nd day of February, 2026.

/s/ *Elizabeth M. Carmody*
OF COUNSEL