**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **CHELSIE BURROUGHS** | **CIVIL ACTION NO.: 5:25-cv-01933** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **KTBS, LLC** | **MAGISTRATE JUDGE HORNSBY** |

# DEFENDANT KTBS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
*A Professional Law Corporation*

By: s/ *Elizabeth M. Carmody*
Elizabeth Mendell Carmody, #25792
Luke D. Whetstone, #37355

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 227-7850
elizabeth.carmody@cookyancey.com
luke.whetsone@cookyancey.com

ATTORNEYS FOR DEFENDANT,
KTBS, LLC

# TABLE OF CONTENTS

I. Constructive Discharge Claim. .......... 2

A. The R&R Correctly Recommends Dismissing the Constructive Discharge Claim for Failure to Exhaust Administrative Remedies. .......... 2

B. Even If the Constructive Discharge Claim Were Exhausted, It Fails on the Merits. .......... 5

II. The R&R Correctly Recommends Dismissal of Burroughs' FMLA Interference Claim. .......... 6

III. The R&R Correctly Dismisses Burroughs' FMLA Retaliation Claim. .......... 9

IV. The R&R Correctly Dismisses Burroughs' Title VII Religious Discrimination Claim. .......... 11

V. No Leave to Amend Should be Granted. .......... 14

VI. Conclusion. .......... 15

# TABLE OF AUTHORITIES

## Cases

*Acker v. General Motors, LLC*, 853 F.3d 784 (5th Cir. 2017)....................6, 7, 9
*Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226 (5th Cir. 2022)....................15
*Ashcroft v. Iqbal*, 566 U.S. 662 (2009)....................1, 2
*Ayorinde v. Team Indus.Servs. Inc.*, 121 F.4th 500 (5th Cir. 2024)....................3
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)....................1, 2
*Benningfield v. City of Houston*, 157 F.3d 369 (5th Cir. 1998)....................5
*Brown v. Bunge Corp.*, 207 F.3d 776 (5th Cir. 2000)....................4
*Bruff v. Mississippi Health Servs., Inc.*, 244 F.3d 495 (5th Cir. 2001)....................13
*Bulek v. Kaiser Found. Hosps.,* No. 23-cv-01585, 2024 WL 1436134 (D.Or. Apr. 3, 2024)....................12
*Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)....................10
*Cagle v. Weill Cornwell Med.*, 680 F.Supp.3d 428 (S.D.N.Y. 2023)....................12
*Callison v. City of Philadelphia*, 430 F.3d 117 (3d Cir. 2005)....................6
*Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001)....................11
*Davis v. Fort Bend Cnty.*, 765 F.3d 480 (5th Cir. 2014)....................11
*Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668 (5th Cir. 2025)....................15
*Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333 (5th Cir. 2021)....................2
*Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447 (5th Cir. 1983)....................3
*Green v. Brennan*, 578 U.S. 547 (2016)....................4
*Grof v. DeJoy*, 600 U.S. 447 (2023)....................13
*Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. 1981)....................3, 4
*Haley v. Alliance Compressor, LLC*, 391 F.3d 644 (5th Cir. 2004)....................8
*Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023)....................10
*Jennings v. Towers Watson*, 11 F.4th 335 (5th Cir. 2021)....................2
*Jones v. Children's Hosp.*, 58 F.Supp.3d 656 (E.D.La. 2014)....................8
*Luebano v. Office Depot, L.L.C.*, No. 22-cv-50767, 2023 WL 4249268 (5th Cir. 2023)....................10, 11
*Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574 (5th Cir. 2006)....................9
*McArdle v. Dell Prods., L.P.*, 293 F.App'x 331 (5th Cir. 2008)....................10
*McKinney v. Irving I.S.D.*, 309 F.3d 308 (5th Cir. 2002)....................14
*Mezu-Chukwu v. Mercy Health Physicians Youngstown, LLC*, No. 4:24-cv-2213, 2026 WL 554541 (N.D. Ohio 2026)....................7
*Pa. State Police v. Suders*, 542 U.S. 129 (2004)....................4
*Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006)....................3
*Phillips v. Caris Life Scis., Inc.*, 715. F.App'x. 365 (5th Cir. 2017)....................3, 4
*Plotkin v. IP Axess Inc.*, 407 F.3d 690 (5th Cir. 2005)....................1
*Richardson v. KWES Television, L.L.C.*, No 23-CV-113, 2024 WL 3050389 (W.D. Tex. May 22, 2024)....................12
*Salem v. City of Port St. Lucie*, 788 F.App'x. 692 (5th Cir. 2017)....................6
*Scott v. U.S. Bank, N.A.*, 16 F.4th 1204 (5th Cir. 2021)....................14
*Stephens v. Legacy GoHealth Urgent Care*, No. 23-CV-206, 2023 WL 7612395 (D.Or. Oct. 23, 2024)....................12
*Stone v. Louisiana Dep't of Revenue*, 590 F.App'x 332 (5th Cir. 2014)....................3
*Tagore v. U.S.*, 735 F.3d 324 (5th Cir. 2013)....................11, 13
*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002)....................2, 9
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375 (5th Cir. 2003)....................14
*Vinson v. Grinnell*, No. 5:22-cv-401, 2023 WL 12199235 (M.D. Fla. 2023)....................7

*Walker v. United Parcel Service, Inc.*, 240 F.3d 1268 (10th Cir. 2001) ........ 8
*Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702 (5th Cir. 2016) ........ 10
*Wiggins v. Coast Professional, Inc.*, No. 3:14-0002, 2015 WL 692921 (W.D.La. Feb. 18, 2014) ........ 8
*Wilson v. Bd. of Educ. for City of Marietta*, 2025 WL 4464163 (N.D. Ga. 2025) ........ 7
*Wood v. Kansas City Southern Ry. Co.*, No. 5:17-cv-1630, 2024 WL 4417376 (W.D.La. Oct. 3, 2024) ........ 8

**Rules**

Fed.R.Civ. P. 15 ........ 15
Fed.R.Civ.P. 7 ........ 15

**Codes**

29 C.F.R. §825.210 ........ 6
29 C.F.R. §825.311 ........ 6
42 U.S.C. §2000e ........ 11, 13
42 U.S.C. §2000e-2 ........ 11

MAY IT PLEASE THE COURT:

In its Report and Recommendation ("R&R") [Doc. #24], the Magistrate Judge recommended, among other things, that the Court dismiss plaintiff Chelsie Burroughs' claims of constructive discharge, FMLA interference and retaliation, Title VII religious discrimination, state law invasion of privacy/breach of confidentiality and hostile work environment. In her objections to the R&R, Burroughs does not object to the dismissal of plaintiff's invasion of privacy/breach of confidentiality or hostile work environment claim. *See* Plaintiff's Objns. [Doc. #27]. Therefore, the only claims discussed herein are Burroughs' claims of constructive discharge, FMLA interference and retaliation and Title VII religious discrimination.

As an initial matter, Burroughs appears to misconstrue the directives of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009), as she improperly conflates her "characterization" of facts with the well-pleaded facts themselves. For example, Burroughs asserts multiple times, in varying ways, that the "Court must accept Plaintiff's *characterization* of" certain facts as true. *See* Doc. #27, Plaintiff's Objns., pp. 16, 19, 21 (emphasis added). A plaintiff's characterization of conduct as "coercive," "discriminatory," "retaliatory" or otherwise unlawful is a legal conclusion, not a factual allegation entitled to a presumption of truth under *Twombly* and *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). This overriding misunderstanding is the primary basis for Burroughs' objections to the legal conclusions reached in the R&R.

Further, Burroughs also appears to rely on the premise that Courts are to hold *pro se* complaints to less stringent standards. Plaintiff's Objns. [Doc. #27], p. 5. However, that premise is limited by the following, as stated in the R&R: "even in a pro se complaint 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss.'" R&R [Doc. #24], p. 4, *quoting Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

The reading of *Iqbal* and *Twombly* in the R&R is correct, though respectfully not consistently applied as noted in KTBS' objections to the R&R, in that the Court need not accept as true "legal conclusions masquerading as factual conclusions." *See Taylor*, 296 F.3d at 378. The Magistrate Judge properly applied this tenet to the analysis of Burroughs' claims of constructive discharge, FMLA interference and retaliation and Title VII religious discrimination. Therefore, the District Court should overrule each of Burroughs' objections, adopt the R&R to the extent that it grants KTBS' Rule 12(b)(6) Motion to Dismiss, and dismiss the four challenged claims with prejudice, along with all of plaintiff's other claims.

## I. Constructive Discharge Claim.

### A. The R&R Correctly Recommends Dismissing the Constructive Discharge Claim for Failure to Exhaust Administrative Remedies.

Both Title VII and the ADA require an aggrieved employee to exhaust her administrative remedies before suing in federal court. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (Title VII); *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (ADA). The R&R correctly held that Burroughs' July 24, 2024-EEOC Charge could not have placed the EEOC or KTBS on notice of a constructive-discharge claim that did not arise until almost four months later, on November 19, 2024. R&R [Doc. #24], p. 7. Burroughs' interpretation of the R&R that the four month "temporal gap" between the EEOC Charge and the alleged constructive discharge meant it was "outside the scope of the EEOC charge and therefore unexhausted" is simply wrong. *See* Plaintiff's Objns., p. 8.

The R&R reviewed the EEOC Charge that was attached as an exhibit to Burroughs' Complaint (*see* Compl. Exhs. [Doc. #1-2], pp. 89-93) and determined that neither the Charge nor

the narrative mentioned constructive discharge "which would have been impossible because Plaintiff did not resign until . . . November 19, 2024." R&R [Doc. #24], p. 5. The R&R then, consistent with *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006), and *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 450-51 (5th Cir. 1983), looked at whether Burroughs' constructive discharge claim was a kind of discrimination "like or related to the charge's allegations" and was within the "scope of the EEOC investigation that could reasonably be expected to grow out of the initial charge of discrimination." R&R [Doc. #24], p. 5. The R&R determined whether Burroughs' EEOC Charge allegations included those like or related to her constructive discharge claim. *Id.*, at p. 6, citing *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 508 (5th Cir. 2024). The R&R, properly relying on *Phillips v. Caris Life Scis., Inc.*, 715. F.App'x. 365, 369 (5th Cir. 2017), explained that "[t]ermination is a discrete event for which a claimant must file a supplemental charge or amend the original EEOC charge." R&R [Doc. #24], p. 6.

In her objections, Burroughs asserts that because she alleged race, disability, and religious discrimination, and retaliation, and checked the box to indicate "continuing action," her constructive discharge claim is one that would fall within the scope of the EEOC investigation reasonably expected to grow out her initial EEOC Charge. *See* Plaintiff's Objns. [Doc. #27], p. 8. Checking the "continuing action" box does not change the Court's analysis. *See Stone v. Louisiana Dep't of Revenue*, 590 F.App'x 332, 338 (5th Cir. 2014) (EEOC charge filed while the employee was still employed not sufficient to exhaust a claim of constructive discharge based on a resignation that took place several months later); *see* R&R [Doc. #24], p. 6.

Burroughs relies on *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981), for the proposition that a retaliation claim arising after the filing of an EEOC charge need not be independently exhausted "because it is reasonably related to the charge from which it

arises." Plaintiff's Objns. [Doc. #27], p. 9. *Gupta*, *supra.*, is inapposite. The *Gupta* Court addressed a retaliation claim arising out of the *act of filing* the EEOC charge itself and explained that "we hold that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge." 654 F.2d at 414. The Court further provided the practical reason and policy justification for their conclusion: "[i]t is the nature of retaliation claims [arising out of the filing of an EEOC charge] that they arise after the filing of the EEOC charge." *Id.* The exception stated in *Gupta*, *supra.*, is not before the Court because Burroughs does not allege that her resignation was in retaliation for the act of filing the EEOC Charge.

Burroughs also attempts to distinguish *Phillips*, 715 F.App'x. at 369, on the ground that it involved an "actual termination" rather than a constructive discharge. Plaintiff's Objns. [Doc. #27], p. 10. This is a distinction without a difference, one Burroughs recognizes (constructive discharge is "legally equivalent to a termination"). *See* Plaintiff's Objns. [Doc. #27], p. 11. The Supreme Court has held that a constructive discharge is "tantamount to an actual discharge." *Green v. Brennan*, 578 U.S. 547, 555 (2016); *see also Pa. State Police v. Suders*, 542 U.S. 129, 141-42 (2004) (explaining that the EEOC has stated that an employer "is responsible for a constructive discharge in the same manner that it is responsible for the outright discriminatory discharge of a charging party" (internal quotations and citations omitted)). *Phillips*, *supra.*, is on point.

Constructive discharge occurs when "an employer discriminates against an employee to the point such that his 'working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'" *Green v. Brennan*, 578 U.S. 547, 555 (2016) (cleaned up); *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000). The Magistrate Judge correctly found that Burroughs did not assert in the EEOC Charge that the alleged

discrimination was so severe or pervasive that she believed she would have to resign from her job or amend or supplement the EEOC Charge. R&R [Doc. #24], p. 7.

B. Even If the Administrative Remedies Were Exhausted, the Constructive Discharge Claim Fails on the Merits.

As explained in the R&R, "failure to exhaust is dispositive of the claim," so the Court need not address KTBS' alternative merits arguments. R&R [Doc. #24], p. 7. Should the Court reach those arguments, however, the constructive discharge claim still fails. Constructive discharge requires a "greater severity or pervasiveness of harassment than the minimum required to prove a hostile work environment." *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) (internal quotations and citations omitted). The Magistrate Judge correctly recommended dismissal of Burroughs' generic hostile work environment claim, noting that Burroughs "described fairly routine workplace communications and events, some of which involved disagreements, but none of which were particularly outstanding or offensive." R&R [Doc. #24], p. 26. Thus, the Magistrate Judge found that Burroughs' allegations "do not objectively describe any activity that was so pervasive or severe as to alter the terms or conditions of her employment and create an abusive working environment." *Id.* Burroughs has not timely objected to that legal finding.

As with her hostile work environment claim, Burroughs' constructive discharge claim is "generic" in that she does not indicate whether her claim is based on Title VII (race or religion), the ADA (disability), or other form of alleged harassment. If, as the R&R finds, Burroughs' allegations were not sufficient to state a hostile work environment claim then they should not be deemed to reach the level of severity or pervasiveness required to plausibly allege a constructive discharge claim. *See Benningfield*, 157 F.3d at 378.

**II. The R&R Correctly Recommends Dismissal of Burroughs' FMLA Interference Claim.**

The Magistrate Judge correctly explained that federal regulations allow an employer to "require an employee on FMLA leave to report periodically on the employee's status and intent to return to work." R&R [Doc. #24], p. 10, citing 29 C.F.R. §825.311(a). This regulation expressly authorizes the very conduct Burroughs now characterizes as "coercive": weekly check-ins on her status and inquiries about her return date. The R&R correctly pointed out that while the FMLA may entitle an employee to 12 weeks of unpaid leave, "nothing in the FMLA indicates it ensures 12 workweeks of *undisturbed* leave." R&R [Doc. #24], p. 10, quoting *Salem v. City of Port St. Lucie*, 788 F.App'x. 692, 695 (5th Cir. 2017); *see also Callison v. City of Philadelphia*, 430 F.3d 117, 121 (3d Cir. 2005) ("[T]here is no right in the FMLA to be 'left alone.'"). Further, an employee on FMLA leave must continue to pay any group health plan premium that she was paying before taking FMLA leave. 29 C.F.R. §825.210(a)-(c). If the FMLA leave is unpaid, the employer may require that payment be made to the employer or the insurance carrier. 29 C.F.R. §825.210(c). The premium reminders and the single request for updated vehicle insurance are lawful payroll administration, not interference.

Burroughs relies on *Acker v. General Motors, LLC*, 853 F.3d 784, 788 (5th Cir. 2017), for a proposition not stated in *Acker*. *See* Plaintiff's Objns. [Doc. #27], p. 12. Specifically, Burroughs claims that *Acker* states that whether an FMLA interference claim exists is determined by viewing "the pattern of conduct" "as a whole and read in Plaintiff's favor" to see whether that pattern of conduct "plausibly discouraged or restrained the exercise if FMLA rights." *Id.*

The *Acker* Court states that an employer can require an employee to comply with ordinary FMLA reporting procedures, and that a failure of an employee on FMLA leave to comply can defeat an FMLA interference claim. 853 F.3d at 788-89. In *Acker*, *supra.*, the Court explained that

discipline resulting from an employee's failure to comply with the employer's policies and procedures related to leave do not constitute interference with the exercise of FMLA rights unless the employee can show unusual circumstances. *See id.*, at 789. "Formal notice-of-absence policies serve an employer's legitimate business interests in keeping apprised of the status of its employees and ensuring that it has an adequate workforce to carry out its normal operations." *Id.* (internal quotations and citations omitted).

Burroughs attempts to distinguish *Mezu-Chukwu v. Mercy Health Physicians Youngstown, LLC*, No. 4:24-cv-2213, 2026 WL 554541, at *4 (N.D. Ohio 2026); *Wilson v. Bd. of Educ. for City of Marietta*, 2025 WL 4464163, at *9 n. 6 (N.D. Ga. 2025); and *Vinson v. Grinnell*, No. 5:22-cv-401, 2023 WL 12199235, at *4-5 (M.D. Fla. 2023). Plaintiffs' Objns. [Doc. #27], pp. 14–15. *Mezu-Chukwu*, *Wilson* and *Vinson* all rely on the same principle the R&R applied: that routine administrative contact with an employee on FMLA leave, even contact the employee subjectively experienced as unwelcome, does not "interfere" with the exercise of FMLA rights. *See* R&R [Doc. #24], p. 10. The issue is not the number of times Burroughs was contacted but whether any contact *denied her any benefit* under the FMLA. *Acker*, 853 F.3d at 788 (interference claim requires that employer "interfered with, restrained, or denied" the exercise of or attempt to exercise FMLA rights *and* that violation prejudiced the employee). To the extent Burroughs had FMLA rights, she has not alleged facts sufficient to show that those rights were interfered with, restrained, or denied.

Burroughs concedes that she was allowed the leave she requested from August 2024 through November 19, 2024, when she chose to resign. She does not allege that KTBS ever terminated that leave. *See* Complaint [Doc. #1], p. 6; *see also* R&R [Doc. #24], p. 8. Because Burroughs fails to allege facts sufficient to show any interference with or restraint or denial of her

purported rights under the FMLA, the Court need not address the prejudice prong of the FMLA interference claim.

However, even if the Court does address the issue of prejudice, it should find that Burroughs has failed to state facts sufficient to show prejudice. This Court has looked at how other district courts have analyzed prejudice, explaining that "[p]rejudice exists when an employee loses compensation or benefits by reason of the violation, sustains other monetary losses as a direct result of the violation, such as the cost of providing car, or suffers some loss in employment status such that equitable relief is appropriate." *See Wood v. Kansas City Southern Ry. Co.*, No. 5:17-cv-1630, 2024 WL 4417376, at *11 (W.D.La. Oct. 3, 2024), quoting *Jones v. Children's Hosp.*, 58 F.Supp.3d 656, 669 (E.D.La. 2014).

For the reasons stated in §I.B, *supra.*, Burroughs has failed to allege facts sufficient to state a plausible claim for constructive discharge so her voluntary resignation cannot serve as a loss in employment status such that she has adequately alleged prejudice. *See Haley v. Alliance Compressor, LLC*, 391 F.3d 644, 649-50 (5th Cir. 2004) (stating in the context of an FMLA claim that constructive discharge requires a greater degree of harassment than that required by a hostile work environment claim). Further, Burroughs' allegations of increased anxiety or panic disorder symptoms are not the type of prejudice contemplated by the FMLA as the statutory language of the FMLA specifically limits recovery to actual monetary losses. *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). This limitation has led district courts to find that the FMLA does not provide for emotional distress damages and that allegations of increased stress were not sufficient to show prejudice by any alleged interference. *See, e.g.*, *Wiggins v. Coast Professional, Inc.*, No. 3:14-0002, 2015 WL 692921, at *6 n. 4 (W.D.La. Feb. 18, 2014).

The R&R was correct to dismiss Burroughs' FMLA interference claim, and this Court should adopt that finding.

**III. The R&R Correctly Dismisses Burroughs' FMLA Retaliation Claim.**

To plead an FMLA retaliation claim, Burroughs must allege that (1) she was protected under the FMLA, (2) she suffered an adverse employment action, and (3) she was treated less favorably than an employee who had not requested FMLA leave or the adverse decision was made because she sought protection under the FMLA. *Acker*, 853 F.3d at 790; *Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 583 (5th Cir. 2006). As explained in the R&R, Burroughs does not allege that KTBS took any actions against her related to her FMLA status other than the communications discussed above that the Magistrate Judge correctly found to be lawful. R&R [Doc. #24], p. 11. The R&R correctly held that Burroughs has not pled an adverse action linked to her FMLA status. *Id.*

Contrary to Burroughs' assertions, the R&R does not resolve any *factual* disputes in KTBS' favor. *See* Plaintiff's Objns. [Doc. #27], p. 16. The R&R merely identifies the communications of which Burroughs complains in an objective, non-conclusory manner, *i.e.*, allegations that a KTBS HR representative contacted Burroughs by text and email about work and insurance, told Burroughs she was responsible for paying health insurance premiums, and required Burrough to report weekly whether her medical condition had changed and her intent to return to work. *See* R&R [Doc. #24], p. 10. As explained above, contrary to Burroughs' assertions, *see* Plaintiff's Objns, [Doc. #27], p. 16, the Court has no obligation to treat Burroughs' conclusory "characterizations" of the facts as true. *See Taylor*, 296 F.3d at 378 ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). As the Magistrate Judge correctly found and as discussed herein, KTBS'

communications with Burroughs were lawful and, thus, cannot be considered adverse employment actions.

Burroughs relies on *Hamilton v. Dallas County*, 79 F.4th 494, 504 (5th Cir. 2023), for the proposition that any "discriminatory change in the terms or conditions of employment" is actionable. *See* Plaintiff's Objns. [Doc. #27], p. 16. She relies on *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006), for the proposition that, in the retaliation context, for an action to be materially adverse it must be an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Internal quotations and citations omitted; *see* Plaintiff's Objns. [Doc. #27], p. 16. The Fifth Circuit applies *Burlington Northern*'s materially-adverse-action standard to FMLA retaliation claims. *See McArdle v. Dell Prods., L.P.*, 293 F.App'x 331, 337 (5th Cir. 2008); *See also Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 707–08 (5th Cir. 2016). Under that standard, the FMLA does not impose liability for "petty slights, minor annoyances, and simple lack of good manners." *Burlington Northern*, 548 U.S. at 68. Burroughs' analysis does not take into account this limitation. Periodic status reports and premium reminders during FMLA leave the employer provided are not a change in the terms or conditions of employment but rather are standard terms of FMLA leave administration.

Burroughs relies on *Luebano v. Office Depot, L.L.C.*, No. 22-cv-50767, 2023 WL 4249268 (5th Cir. 2023), for the proposition that exhausting protected FMLA leave followed by an adverse action is sufficient to state an FMLA retaliation claim. Plaintiff's Objns. [Doc. #27], p. 17. In the context of addressing the plaintiff's FMLA retaliation claim, the *Luebano*, *supra.*, Court focused on whether the plaintiff had adequately pleaded facts to show a causal link between her FMLA leave and the adverse employment action, which the R&R correctly points out was termination of the plaintiff's employment by the employer. *See Luebano*, 2023 WL 4249268, at *5; *see also* R&R

[Doc. #24], p. 11 n. 1. Burroughs also appears to rely on *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001), for the proposition that mere temporal proximity provides a plausible inference of causal connection between her FMLA activity and "the adverse conduct." Plaintiff's Objns. [Doc. #27], p. 18. *Breeden*, however, like *Luebano*, looked at whether the respective plaintiffs had sufficiently alleged the causal link between the alleged protected activity and the purported adverse employment action. In *Luebano*, *supra.*, the employer's decision to terminate plaintiff was the adverse employment action. *See* 2023 WL 4249268, at *5. In *Breeden*, *supra.*, the Court assumes that plaintiff has shown an adverse employment action taken in "very close" proximity to an employer learning of protected activity for sufficient evidence of causality. *See* 532 U.S. at 273.

Neither *Luebano* nor *Breeden* applies to the case currently before this Court. In this case, contrary to Burroughs' assertions, she fails to allege that she was subjected to an adverse employment action as explained in §§I.B and II, *supra.*

The R&R was correct to dismiss Burroughs' FMLA retaliation claim, and this Court should adopt that finding.

## IV. The R&R Correctly Dismisses Burroughs' Title VII Religious Discrimination Claim.

Title VII prohibits an employer from discriminating against an employee based on her religion. 42 U.S.C. §§2000e-2(a)(1), 2000e(j). To establish a *prima facie* case of religious discrimination under Title VII, a plaintiff must allege facts sufficient to show that (1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement. *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 485 (5th Cir. 2014); *see also Tagore v. U.S.*, 735 F.3d 324, 329 (5th Cir. 2013).

Burroughs concedes that KTBS granted her requested accommodation of not covering a Mardi Gras parade when it removed her from that assignment. Plaintiff's Objns. [Doc. #27], p. 19. As stated in the R&R, Burroughs "lone issue is about the discussion with management." R&R [Doc. #24], p. 12. Burroughs appears to be under the misconception that simply telling her employer that she was Christian and that her "Christian beliefs" conflicted with covering a Mardi Gras parade as a reporter was sufficient. This is incorrect.

District courts across the United States have granted motions to dismiss for failure to state a claim when, as in this case, the plaintiff has failed to allege a conflict between her beliefs and the employment requirement which would necessarily require some description of the plaintiff's particular beliefs. *See Richardson v. KWES Television, L.L.C.*, No 23-CV-113, 2024 WL 3050389, at *3 (W.D. Tex. May 22, 2024). *see also Reichert v. Infusion Partners, L.L.C.*, No. 22-CV-5450, 2023 WL 4685377, at *4 (E.D.La. July 21, 2023) (summarily stating that the COVID-19 vaccine violated the plaintiff's religious beliefs without any allegations as to what those beliefs are is not sufficient to allege facts regarding an essential element of her claim, *i.e.* her sincerely held religious beliefs).[1] Bald allegations that a plaintiff has a religious belief and that those religious beliefs conflict with an employment requirement are not sufficient to state a claim for religious discrimination under *Cagle v. Weill Cornwell Med.*, 680 F.Supp.3d 428, 435-36 (S.D.N.Y. 2023). General references to Christianity such as that made by Burroughs have been found not to meet even a "fairly minimal" burden at the pleading stage. *See Stephens v. Legacy GoHealth Urgent Care*, No. 23-CV-206, 2023 WL 7612395, at *7-9 (D.Or. Oct. 23, 2024).

---

[1] *See also Bulek v. Kaiser Found. Hosps.,* No. 23-CV-01585, 2024 WL 1436134, at *3 (D.Or. Apr. 3, 2024) (plaintiffs must say what the conflict is between their religious beliefs and their employer's vaccine mandate).

The R&R correctly rejected Burroughs' theory that Lunn's meeting with her after providing the requested accommodation was itself unlawful "coercion" under Title VII. R&R [Doc. #24], pp. 12-13. As explained in the R&R, Title VII's accommodation framework contemplates and requires a dialogue between employer and employee about religious objections to job duties. *See Tagore*, 735 F.3d at 329 (employee asserting a religious objection "must show that her belief conflicted with a requirement of her employment and that she informed her employer of her belief"). *Bruff v. Mississippi Health Servs., Inc.*, 244 F.3d 495, 497 (5th Cir. 2001), cited in the R&R, illustrates exactly the kind of "discussion" Burroughs now challenges, where an employer met with an employee, asked her to put her religious objections in writing, and assessed whether the requested accommodation could be granted. *See* R&R [Doc. #24], p. 13. The Fifth Circuit looked at the burdens the requested accommodation would place on the employer, based, at least in part, on the contents of the employee's written request, and agreed with the employer that the employee's requested accommodation did not have to be granted. *Bruff*, 244 F.3d at 500-503.

Burroughs cites no authority that prohibits an employer from speaking with an employee about the perceived religious conflict requiring an accommodation after granting it. Burroughs relies on *Grof v. DeJoy*, 600 U.S. 447 (2023), for a proposition for which it does not stand, namely that post-accommodation discussions of religious conflict cannot occur. *See* Plaintiff's Objns. [Doc. #27], p. 20. *Grof*, *supra.*, addressed the standard for proving "undue hardship" when an employer denies a religious accommodation under 42 U.S.C. §2000e(j). KTBS did not deny Burroughs' requested accommodation.

The R&R is correct in finding that Burroughs fails to plead any adverse employment action for purposes of Title VII religious discrimination. *See* R&R [Doc. #24], pp. 13-14.

## V. No Leave to Amend Should be Granted.

The District Court should deny Burroughs' alternative request to amend (Doc. #27, pp. 21–22) for the reasons stated in the R&R. R&R [Doc. #24], pp. 26–29. Burroughs had an opportunity to file an amended complaint to try to cure the deficiencies KTBS identified in its motion to dismiss. *See id.*, at pp. 27–28; *see also* Mem. Order [Doc. #18]. Burroughs declined that opportunity and instead chose to oppose the motion on the merits. *See* R&R [Doc. #24], pp. 27-28. The Magistrate Judge correctly found that Burroughs should not be allowed to amend her Complaint after failing to do so when given the opportunity. *See McKinney v. Irving I.S.D.*, 309 F.3d 308, 315 (5th Cir. 2002) (denial of leave to amend affirmed where plaintiffs "failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment"); *Scott v. U.S. Bank, N.A.*, 16 F.4th 1204 (5th Cir. 2021) (denial of leave to amend affirmed where plaintiff's opposition contained a generic request without explaining how the deficiencies would be cured). R&R [Doc. #24], p. 28.

Burroughs' Objections, like her opposition before them, fail to identify with any particularity what additional facts an amendment would supply. The bare reference to "additional factual support" for the EEOC charge's relationship to her constructive discharge, "additional detail" about the leave-period contacts, and "additional specificity" about the religious meeting (Doc. 27 at 22) is exactly the kind of general request that the Fifth Circuit has held does not satisfy Rule 15. *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A bare request in an opposition to a motion to dismiss — without any indication of the particular grounds on which the amendment is sought, *cf.* Fed.R.Civ.P. 7(b) — does not constitute a motion within the contemplation of Rule 15(a)."). Further, no amendment of plaintiff's

Complaint can cure Burroughs' failure to exhaust her administrative remedies as to her constructive discharge claim. Burroughs cannot cure the failure to file or amend the EEOC Charge before the Right-to-Sue letter issued. Amendment would therefore be futile. *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 677 (5th Cir. 2025); *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022).

## VI. Conclusion.

For the foregoing reasons, as well as those stated in KTBS' Rule 12(b)(6) Motion to Dismiss, Memorandum in Support and Reply, KTBS respectfully requests that the District Court overrule each of Burroughs' objections, adopt those portions of the Report and Recommendation granting KTBS' Motion to Dismiss and dismiss Burroughs' claims for constructive discharge, FMLA interference, FMLA retaliation and Title VII religious discrimination, together with the unobjected-to dismissals of her invasion of privacy/breach of confidentiality and hostile work environment claims, with prejudice and without leave to amend.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
*A Professional Law Corporation*

By: s/ *Elizabeth M. Carmody*
Elizabeth Mendell Carmody, #25792
Luke D. Whetstone, #37355

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 227-7850
elizabeth.carmody@cookyancey.com
luke.whetsone@cookyancey.com

ATTORNEYS FOR DEFENDANT,
KTBS, LLC

**CERTIFICATE**

I HEREBY CERTIFY that on the 8th day of May, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, with notice to be sent by operation of the court's electronic filing system to all counsel of record, and with a copy sent to Plaintiff Chelsie Burroughs, via her email address at Chelsieburroughs83@gmail.com, and via certified US mail, return receipt requested 9589 0710 5270 2956 1454 12, at 9584 Eden Road, Apt. 1318, Arlington, Texas 76002.

s/ *Elizabeth M. Carmody*
OF COUNSEL