**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

CHELSIE BURROUGHS                             CIVIL ACTION NO. 25-cv-1933

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

KTBS, LLC                                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

The Court has reviewed the Report and Recommendation of the Magistrate Judge. See Record Document 24. Additionally, the Court has examined the Parties' objections and responses to the Report and Recommendation. See Record Documents 27, 31–33. Having done so, the Court finds that the Report and Recommendation correctly applies the governing law and that the objections do not warrant a different result.

KTBS objects to the Magistrate Judge's recommendation that Burroughs's Title VII retaliation and race discrimination claims, as well as her ADA discrimination, failure-to-accommodate, and retaliation claims, survive dismissal. See Record Document 31. The Court, however, agrees with the Magistrate Judge that, when the Complaint and attached exhibits are viewed in the light most favorable to Burroughs, they contain sufficient factual allegations to state plausible claims for relief under the Rule 12(b)(6) standard. Although KTBS contends that Burroughs's allegations are only conclusory assertions of discrimination, retaliation, and unfair treatment, the Court finds that Burroughs alleges specific factual circumstances that are sufficient to permit the claims to proceed beyond

the pleading stage.[1] KTBS may reassert its arguments through a motion for summary judgment following discovery.

Burroughs objects to the Magistrate Judge's recommendation dismissing her constructive discharge, FMLA interference, FMLA retaliation, and Title VII religious discrimination claims. See Record Document 27. After conducting a de novo review, the Court agrees with the Magistrate Judge's analysis. With respect to constructive discharge, the Court agrees that Burroughs failed to exhaust her administrative remedies because her EEOC charge, filed months before her resignation, did not include allegations that would have placed the EEOC or KTBS on notice of a constructive discharge claim, and Burroughs did not amend or supplement that charge after her resignation. The Court likewise agrees that Burroughs's allegations concerning KTBS's communications during her leave do not plausibly establish actionable FMLA interference or retaliation, as employers are permitted to seek periodic updates regarding an employee's status and intent to return to work. Finally, the Court agrees that Burroughs's religious discrimination claim fails because the Complaint acknowledges that KTBS granted her request not to cover the Mardi Gras parade and alleges only a subsequent discussion regarding her religious beliefs, which, without more, does not plausibly establish an adverse employment action or actionable discrimination.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (Record Document 15) is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Such allegations include heightened scrutiny of Burroughs's work, changes in her job responsibilities, complaints of discrimination made to management, and requests for disability-related accommodations.

**IT IS FURTHER ORDERED** that the Motion is **GRANTED** with respect to Burroughs's claims for constructive discharge, FMLA interference, FMLA retaliation, Title VII religious discrimination, invasion of privacy/breach of confidentiality, and hostile work environment. These claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion is **DENIED** with respect to Burroughs's claims of ADA discrimination, ADA failure to accommodate, ADA retaliation, Title VII race discrimination, and Title VII retaliation.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 22nd day of June, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE