RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

SEP 1 0 2026

DANIEL J. McCOY, CLERK
BY: ___________

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CHELSIE BURROUGHS | CIVIL ACTION NO.: 5:25-cv-01933 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KTBS, LLC | MAGISTRATE JUDGE HORNSBY |

---

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER SPECIFYING REMOTE DEPOSITION FORMAT

## I. INTRODUCTION

Plaintiff respectfully requests that the Court order her deposition to proceed by videoconference rather than in person. Plaintiff has a documented psychiatric history that makes an unfamiliar, adversarial, in-person examination a genuine risk to her ability to participate fully and to Defendant's own interest in obtaining a complete, uninterrupted record. Defendant has offered meaningful accommodations regarding location, breaks, and the presence of a support person, which Plaintiff appreciates, but none of those accommodations address the core concern: the format of the examination itself.

## II. FACTUAL BACKGROUND

Plaintiff has been diagnosed with panic disorder and generalized anxiety disorder, in addition to Major Depressive Disorder. Alyssa Musheff, PA-C, who provided Plaintiff's psychiatric care from September 2025 through March 2026, has confirmed this diagnostic history and has stated that Plaintiff's panic attacks, previously in remission, have reportedly worsened in the setting of recent stressors, including an episode in June 2026. (See Exhibit 1, Letter of Alyssa Musheff, PA-C, dated August 28, 2026.) Ms. Musheff further advises that individuals susceptible to panic attacks often benefit from accommodations that minimize sensory overload and stress, including distraction-free environments and flexible or hybrid arrangements. Plaintiff does not have a current treating provider due to a lapse in insurance coverage, and Ms. Musheff's letter is accordingly based in part on Plaintiff's own report of her current symptoms rather than a recent clinical examination; Plaintiff represents this limitation to the Court directly and does not overstate the letter's contents beyond what it says.

Plaintiff also has a documented history, arising during her employment with Defendant, of a physician-imposed restriction limiting solo highway driving to approximately twenty minutes due to driving-related panic attacks, which Defendant accommodated during Plaintiff's employment.

The parties have exchanged the correspondence described in the attached Certificate of Conference. Defendant has offered to conduct the deposition in the Dallas/Fort Worth area, to provide a ten-minute break each hour and a lunch break, and to permit a support person to attend subject to reasonable conditions. Defendant has not agreed to a remote format, stating that an in-person deposition allows counsel to observe Plaintiff's demeanor and to examine her regarding documents and evidence.

Plaintiff's proposed support person is not available on October 6, 2026, the date Defendant has unilaterally selected. Plaintiff had proposed October 2, 2026; Defendant did not agree to that date.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court, for good cause shown, to issue an order protecting a party from annoyance, embarrassment, oppression, or undue burden, including by specifying the terms of discovery, such as the time, place, or manner in which a deposition is taken. Federal Rule of Civil Procedure 30(b)(4) expressly permits a deposition to be taken by remote means upon stipulation of the parties or order of the Court. Where the parties cannot agree, the decision whether to permit a remote deposition, and on what terms, falls within the Court's discretion under these provisions.

## IV. ARGUMENT

### A. A remote deposition will not deprive Defendant of the ability to observe Plaintiff's demeanor or to examine her regarding documents and evidence.

Defendant's stated basis for opposing a remote format is that an in-person setting is necessary to observe Plaintiff's demeanor and to conduct an effective examination regarding documents and evidence. A videoconference deposition does not prevent either. Counsel will be able to see and hear Plaintiff throughout her testimony in real time, and documents and exhibits can be shared and reviewed on the record through standard videoconference and screen-sharing tools, with the same court reporter and swearing-in procedures used in an in-person deposition. Defendant has not identified any document, exhibit, or other aspect of this case that could not be effectively addressed in this manner. Depositions are conducted by videoconference routinely in federal litigation, including in this District. Defendant has identified no characteristic of this case, or of Plaintiff as a witness, that would make a remote format unworkable here when it is workable in the ordinary course of practice elsewhere. What Defendant has articulated is a preference for an in-person format, not an inability to proceed by videoconference.

### B. Plaintiff's documented psychiatric history and current symptoms support a remote format.

Plaintiff's treating provider has confirmed a diagnostic history of panic disorder and anxiety disorder, and has reported that Plaintiff's panic attacks have reportedly worsened in the setting of recent stressors, including this litigation. Plaintiff does not contend that this evidence establishes, with certainty, that an in-

person deposition will trigger a panic attack. Plaintiff contends that it establishes a genuine and documented risk, and that a remote format from a familiar environment reduces that risk without imposing any corresponding cost on Defendant's ability to conduct a full and fair examination.

**C. The burden on Plaintiff's support person further supports the requested relief.**

Defendant has agreed that Plaintiff may have a support person present. Plaintiff's proposed support person is not available on October 6, 2026, the date Defendant unilaterally selected after Plaintiff proposed October 2, 2026. A remote format eliminates this scheduling barrier without requiring either party to abandon the accommodation Defendant has already agreed to provide.

**D. Defendant's own stated concern about cost supports a remote format.**

Defendant's counsel has represented, in correspondence to Plaintiff, that accommodating Plaintiff's location would come at "great unnecessary expense" to Defendant, and has advised Plaintiff that she would be responsible for counsel's costs and fees should a return trip to the deposition location be required. A remote deposition eliminates the travel, lodging, and location costs associated with an in-person deposition entirely, for both parties. Defendant cannot simultaneously represent to Plaintiff that cost is a significant concern and decline the one format that resolves that concern for both sides. Good cause under Rule 26(c)(1) is present where, as here, the requested protective measure reduces the burden and cost of discovery for the party from whom discovery is sought, is consistent with the cost concerns the requesting party has itself raised, and does not deprive the requesting party of a full and fair opportunity to obtain discovery.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a protective order specifying that Plaintiff's deposition be conducted remotely by videoconference.

Respectfully submitted,

Chelsie Burroughs

CHELSIE BURROUGHS, Plaintiff, Pro Se

9584 Eden Road, Apt. 1318

Arlington, Texas 76002

Chelsieburroughs83@gmail.com

(817) 262-9537