**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **CHELSIE BURROUGHS** | **CIVIL ACTION NO. 5:25-CV-01933** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **KTBS, LLC** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ENTRY OF CONSENT PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**

Plaintiff, Chelsie Burroughs, appearing pro se, and Defendant, KTBS, LLC ("KTBS"), (collectively, the "Parties"), through undersigned counsel, respectfully submit this memorandum in support of their Joint Motion for Entry of Consent Protective Order Concerning Confidential Information, and in support thereof state as follows.

## I. Background

This is an employment discrimination action in which Plaintiff, a former Weekend Anchor/Reporter/MMJ for KTBS, asserts claims against KTBS under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. Plaintiff's surviving claims include ADA disability discrimination, failure to accommodate, and retaliation arising from an anxiety and panic disorder she alleges KTBS failed to accommodate, as well as Title VII race discrimination and retaliation.

Discovery in this action will necessarily involve the exchange of sensitive, nonpublic information, including Plaintiff's medical and psychological treatment records concerning the disability at issue, Plaintiff's financial and tax information relevant to her asserted claims for back pay and front pay, and personnel records concerning KTBS employees identified as comparators

who are not parties to this action. The Parties have conferred and agreed upon the terms of a proposed Consent Protective Order Concerning Confidential Information, submitted concurrently herewith, to govern the use and disclosure of such material during this litigation.

## II. Good Cause Supports The Proposed Order

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court, for good cause shown, to enter an order protecting a party or person "from annoyance, embarrassment, oppression, or undue burden," including by limiting the scope of disclosure or specifying the terms of disclosure of confidential information. Good cause exists here because discovery will involve specific, identifiable categories of sensitive personal and business information: Plaintiff's mental-health diagnosis and treatment history, which is central to her ADA claims but is by its nature private and sensitive; Plaintiff's financial and tax records; and the personnel, disciplinary, and performance records of non-party KTBS employees whose treatment Plaintiff contends is relevant to her race discrimination claim. Unrestricted disclosure or use of this information outside the litigation would risk unwarranted embarrassment to Plaintiff, unnecessary intrusion into the privacy interests of non-party employees, and misuse of information unrelated to the purposes of this action. The proposed Order addresses these risks while preserving full access to relevant discovery for purposes of prosecuting and defending this action.

## III. The Proposed Order Limits The Scope of Protection

The proposed Order does not permit indiscriminate confidentiality designations. It defines the categories of information eligible for protection, excludes information already available to the public, and requires the designating party to make a good-faith determination that particular material qualifies before designating it "CONFIDENTIAL." It establishes a process by which any Party may challenge a confidentiality designation and places the burden of establishing that a

designation is warranted on the party who made that designation. The proposed Order limits access to Confidential Information to the Parties, counsel, the Court, court reporters and litigation-support vendors, retained experts and consultants who agree to be bound by the Order, and witnesses to the extent reasonably necessary to their testimony.

The proposed Order also includes a provision, consistent with Federal Rule of Evidence 502(d), providing that the inadvertent production of privileged or work-product material does not waive the applicable privilege or protection, which reduces the burden and expense associated with pre-production privilege review without altering the scope of discovery available to either side.

The proposed Order does not authorize the filing of any document under seal. A Party seeking to file Confidential Information under seal or in redacted form must separately comply with the Local Rules of this Court and applicable law governing public access to judicial records and must obtain leave of Court where required. This provision preserves the public's right of access to judicial records under *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021), and *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022).

## IV. <u>Conclusion</u>

The Parties have established good cause under Rule 26(c). They respectfully request that the Court enter the attached proposed Consent Protective Order Concerning Confidential Information.

Respectfully submitted,

Chelsie Burroughs
Plaintiff, Pro Se

By:__________________________
Chelsie Burroughs
9584 Eden Road, Apt. 1318
Arlington, Texas 76002
Chelsieburroughs83@gmail.com

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: s/ *Elizabeth M. Carmody*
Elizabeth Mendell Carmody, #25792
Luke D. Whetstone, #37355

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850
elizabeth.carmody@cookyancey.com
luke.whetsone@cookyancey.com

ATTORNEYS FOR DEFENDANT,
KTBS, LLC

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that Plaintiff, Pro Se, and counsel for Defendant have conferred via email concerning the Joint Motion for Entry of Consent Protective Order Concerning Confidential Information and its Memorandum in Support and have agreed to jointly move for entry of the requested Protective Order.

Shreveport, Louisiana, this 21st day of September, 2026.

*/s/ Elizabeth M. Carmody*
OF COUNSEL

Respectfully submitted,

Chelsie Burroughs
Plaintiff, Pro Se

By: [signature]
Chelsie Burroughs
9584 Eden Road, Apt. 1318
Arlington, Texas 76002
Chelsieburroughs83@gmail.com

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: *s/ Elizabeth M. Carmody*
Elizabeth Mendell Carmody, #25792
Luke D. Whetstone, #37355

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850
elizabeth.carmody@cookyancey.com
luke.whetsone@cookyancey.com

ATTORNEYS FOR DEFENDANT,
KTBS, LLC

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that Plaintiff, Pro Se, and counsel for Defendant have conferred via email concerning the Joint Motion for Entry of Consent Protective Order Concerning Confidential Information and its Memorandum in Support and have agreed to jointly move for entry of the requested Protective Order.

Shreveport, Louisiana, this 20th day of September, 2026.

*/s/ Elizabeth M. Carmody*
OF COUNSEL

-