**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **CHELSIE BURROUGHS** | **CIVIL ACTION NO.: 5:25-cv-01933** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **KTBS, LLC** | **MAGISTRATE JUDGE HORNSBY** |

**DEFENDANT KTBS, LLC'S MOTION FOR SANCTIONS UNDER RULE 37(d) FOR PLAINTIFF'S FAILURE TO APPEAR FOR HER DEPOSITION**

Now into Court, through undersigned counsel, comes Defendant, KTBS, LLC ("KTBS"), which moves under Federal Rule of Civil Procedure 37(d) for sanctions against Plaintiff, Chelsie Burroughs, for her failure to appear for her deposition on October 8, 2026, and respectfully represents:

After the Court denied her request to be deposed remotely and ruled that "she must submit to an in person deposition, unless the parties otherwise agree to video" [Doc. #38], Plaintiff agreed to be deposed on Thursday, October 8, 2026, at 9:00 a.m., in Arlington, Texas, where she lives. KTBS served its Amended Notice of Video Deposition on her on September 24, 2026. [Exh. A]. Plaintiff confirmed the date in writing on September 23, September 24, and October 5, 2026. [Exhs. B, C, D].

On October 6, 2026, Plaintiff asked KTBS to continue the deposition [Exh. E], and KTBS declined in writing the same day. [Exh. F]. At 7:15 p.m. on October 7, 2026, after KTBS's counsel had left Shreveport for Arlington, Plaintiff emailed undersigned counsel that Plaintiff had "been advised that [she] need[ed] representation" and was "no longer available for the October 8th, 2026 deposition at 9 AM." [Exh. G], and KTBS responded in writing the same day stating the deposition

would go forward as noticed. [Exh. H]. At 6:26 a.m. on October 8, 2026, Plaintiff emailed that she was "not attending the deposition at 9:00 a.m. today" and ambiguously stated that she "formally engaged *prospective* trial counsel" but calls herself "an unrepresented plaintiff." [Exh. I (emphasis added)]. In that email, Plaintiff did not provide any information to identify her "prospective trial counsel," or whether the "prospective trial counsel" is the same individual under whose "direct legal advice" Plaintiff claims to be acting. [Exh. I].

Plaintiff did not appear at the noticed time and place for her deposition, and no one appeared on her behalf. [Exh. J]. No lawyer has enrolled for her, and no motion for a protective order concerning her deposition was pending. *See* Fed. R. Civ. P. 37(d)(2).

For the reasons stated in the accompanying memorandum, KTBS asks the Court to dismiss Plaintiff's claims with prejudice under Rule 37(d)(3) and Rule 37(b)(2)(A)(v), and to order Plaintiff to pay KTBS's reasonable expenses, including attorney's fees, caused by her failure to appear, as Rule 37(d)(3) requires.

In the alternative, if the Court imposes a sanction short of dismissal, KTBS asks the Court to order (1) that within seven days Plaintiff either file a sworn statement declaring whether a lawyer represents her in this case and, if so, the lawyer's name and contact information, or have her lawyer enroll; (2) that until a lawyer enrolls for Plaintiff, KTBS may continue to communicate with Plaintiff directly and to serve her directly at her email address and mailing address of record, Plaintiff having provided no other address for service; (3) that Plaintiff appear in person for her deposition in Arlington, Texas, on a date KTBS notices within twenty-one days after her statement is filed with the Court or her lawyer enrolls, all be-it-within the new discovery deadline of November 13, 2026, pursuant to the Court's Order on October 8, 2026 [Doc. #43]; (4) that Plaintiff

pay KTBS's reasonable expenses, including attorney's fees, caused by her failure to appear on October 8, 2026; and (5) that a further failure to appear for her deposition, or to comply with the Court's order, will result in the dismissal of her claims with prejudice.

KTBS asks for leave to file a declaration itemizing its expenses within fourteen days after the Court rules on this motion.

WHEREFORE, Defendant, KTBS, LLC, prays that this motion be granted, that Plaintiff's claims be dismissed with prejudice, and that Plaintiff be ordered to pay KTBS's reasonable expenses, including attorney's fees, caused by her failure to appear for her deposition; or, in the alternative, that the Court enter the order described above.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: s/ *Elizabeth M. Carmody*
Elizabeth Mendell Carmody, #25792
Luke D. Whetstone, #37355
Parker J. Hall, #40390

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850
elizabeth.carmody@cookyancey.com
luke.whetstone@cookyancey.com
parker.hall@cookyancey.com

ATTORNEYS FOR DEFENDANT,
KTBS, LLC

**CERTIFICATE OF CONFERENCE**

Under Local Rule 37.1, counsel for KTBS certifies that on October 8, 2026, she asked Plaintiff by email to "identify any lawyer retained to assist [her] and provide his or her contact information" [Exh. K] so that counsel could confer with that lawyer about this motion, and as of 3:00 p.m. on October 9, 2026, Plaintiff has not responded.

s/ *Elizabeth M. Carmody*
OF COUNSEL

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of October, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, with notice to be sent by operation of the court's electronic filing system to all counsel of record, and with a copy sent to Plaintiff Chelsie Burroughs, via her email address at chelsieburroughs83@gmail.com, and via certified US mail, return receipt requested # 9589 0710 5270 2956 1434 49, at 9584 Eden Road, Apt. 1318, Arlington, Texas 76002.

s/ *Elizabeth M. Carmody*
OF COUNSEL