**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CHELSIE BURROUGHS | CIVIL ACTION NO.: 5:25-cv-01933 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KTBS, LLC | MAG. JUDGE MARK L. HORNSBY |

# MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION FOR MANDATORY SANCTIONS AND FOR A PROTECTIVE ORDER CONCERNING DEFENDANT'S OCTOBER 1, 2026 THIRD-PARTY SUBPOENAS

COOK, YANCEY, KING & GALLOWAY
*A Professional Law Corporation*
Elizabeth Mendell Carmody (#25792)
Luke D. Whetstone (#37355)
Parker J. Hall (#40390)
333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA 71120-2260

ATTORNEYS FOR DEFENDANT,
KTBS, LLC

# TABLE OF CONTENTS

I. INTRODUCTION ........................................ 1

II. BACKGROUND ........................................ 2

A. Plaintiff's Claims and Her Sworn Answers ........................................ 2

B. Plaintiff's Authorization and Production ........................................ 3

C. Plaintiff's Deposition ........................................ 4

D. The Subpoenas ........................................ 5

E. The October 5 Correspondence ........................................ 5

III. LAW AND ARGUMENT ........................................ 6

A. No Sanction is Warranted, Because the Subpoenas Rest on Plaintiff's Own Claims and Sworn Answers, and Their Defects are Cured by Modification. ........................................ 6

1. Rule 26(g) does not punish a reasonable request whose terms the Court can correct. ........................................ 6

2. Rule 45(d)(1), §1927, and inherent power do not reach this conduct ........................................ 9

3. Two of the decisions on which Plaintiff relies cannot be found. ........................................ 10

B. Burroughs' condition is at issue, and the few records she chose to produce do not substitute for her providers' records ........................................ 11

C. The Court should modify the subpoenas as KTBS proposes, not quash them ........................................ 15

D. Plaintiff's remaining requests are not properly before the Court ........................................ 17

IV. CONCLUSION ........................................ 19

## TABLE OF AUTHORITIES

### Cases

*Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214 (M.D. La. 2016) ....15

*Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979) ....15

*Bryant v. Military Dep't of Miss.*, 597 F.3d 678 (5th Cir. 2010) ....9

*Connick v. W. Concrete Pumping, Inc.*, No. 2:25-CV-1376, 2026 WL 2066095 (E.D. La. July 17, 2026)....12

*Edwards v. Gen. Motors Corp.*, 153 F.3d 242 (5th Cir. 1998) ....9

*Elliott v. Tilton*, 64 F.3d 213 (5th Cir. 1995) ....10

*Equal Emp. Opportunity Comm'n v. Eastbox LLC*, No. 4:23-CV-814, 2025 WL 41915 (E.D. Tex. Jan. 7, 2025) ....12, 13

*Gilbreath v. Guadalupe Hosp. Found. Inc.*, 5 F.3d 785 (5th Cir. 1993) ....14

*Hardy v. Scandinavian Airlines Sys.*, No. 2:21-CV-1591, 2025 WL 416106 (E.D. La. Feb. 6, 2025) ....13

*In re EEOC*, 207 F.App'x 426 (5th Cir. 2006)....11

*In re Terra Int'l, Inc.*, 134 F.3d 302 (5th Cir. 1998)....18

*Jaffee v. Redmond*, 518 U.S. 1 (1996)....11

*Merrill v. Waffle House, Inc.*, 227 F.R.D. 467 (N.D. Tex. 2005) ....12

*Nelson v. Landry*, No. 3:20-CV-837, 2022 WL 5237898 (M.D. La. Sept. 16, 2022) ....16

*New Hampshire v. Maine*, 532 U.S. 742 (2001) ....8

*Pierce v. Underwood*, 487 U.S. 552 (1988) ....6

*Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011)....8

*Rogers v. Orleans Par. Sheriff Off.*, No. 2:22-CV-5303, 2025 WL 3760764 (E.D. La. Dec. 30, 2025) ....11

*Sullivan v. Schlumberger Ltd.*, No. 4:20-CV-00662, 2021 WL 858384 (E.D. Tex. Mar. 8, 2021) ....................14

*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004) ....................15

**Statutes**

28 U.S.C. §1927 ....................9, 19

42 U.S.C. §12102 ....................11

**Rules**

Fed. R. Civ. P. 11 ....................11

Fed. R. Civ. P. 16 ....................16, 17

Fed. R. Civ. P. 26 .................... *passim*

Fed. R. Civ. P. 33 ....................10

Fed. R. Civ. P. 37 ....................4, 5, 18

Fed. R. Civ. P. 45 .................... *passim*

Local Rule 37.1 ....................10, 17

Local Rule 7.4.1 ....................17

**Regulations**

45 C.F.R. §164.103 ....................14

45 C.F.R. §164.508 ....................14

45 C.F.R. §164.512 ....................14

MAY IT PLEASE THE COURT:

## I. INTRODUCTION

KTBS asks the Court to deny Plaintiff's Omnibus Motion [Doc. #49], including her requests for sanctions, a reprimand, and an order quashing KTBS's October 1, 2026, subpoenas, and to modify the subpoenas instead. Chelsie Burroughs sued KTBS claiming that panic disorder, anxiety, depression, and a heat-related illness are disabilities KTBS failed to accommodate, and she seeks the cost of her psychiatric and hospital care. The subpoenas go to the four providers she named under oath as having diagnosed or treated those conditions, to the practice through which a fifth provider issued the heat restriction she gave KTBS, to the two television stations where she worked before KTBS, one of which she charged with race discrimination, and to the agency whose agent wrote to KTBS about her panic attack. KTBS issued those subpoenas after Burroughs offered to authorize release only of records beginning a month after KTBS hired her, and after she produced only the records she selected herself.

The subpoenas should not have reached back to Plaintiff's birth and should have set production within 100 miles of each recipient and within the discovery period. KTBS proposes each correction below and the Court has since extended the discovery deadline so that the modified subpoenas can be answered. Rule 45 corrects errors of that kind by modifying the subpoenas, not by sanctioning counsel. The errors do not show an improper purpose, and the record Burroughs offers to show one consists of KTBS's discovery objections, a deposition format the Court itself ordered, and letters about her support person that she describes only in part. Two of the cited decisions on which her motion relies, moreover, cannot be found. Undersigned counsel searched Westlaw for the Fifth Circuit decision Burroughs cites to limit discovery of her medical history

and Westlaw and CM/ECF for the Western District of Louisiana decision she cites for mandatory sanctions and could locate neither.

## II. BACKGROUND

### A. Plaintiff's Claims and Her Sworn Answers

Plaintiff's remaining claims are disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act, and race discrimination and retaliation under Title VII. [Doc. #34, Mem. Order Adopting R and R, p. 3]. The deadline to complete discovery and file motions to compel, originally October 16, 2026 [Doc. #36], has been extended to November 13, 2026. [Doc. #43].

Plaintiff identifies four impairments she contends are disabilities: panic disorder and anxiety disorder diagnosed by Dr. Danielle Ivey; major depressive disorder diagnosed by Crystal Kennedy, LPC-S; and a heat-related illness stated by Charity Mugadza. [Exh. AA, Ans. to Interrog. No. 9]. She names her providers as Dr. Ivey at Arbor Internal Medicine, Willis-Knighton Simpkins Family Medicine, Ms. Kennedy, and a physician assistant and a psychologist at Parkland Hospital. [*Id.*, Ans. to Interrog. No. 10]. Ms. Mugadza issued a certification reflecting only one visit, through Ahavah Healthcare, LLC, with which Plaintiff acknowledges having "one or two telehealth contacts." [Doc. #49, Plaintiff's Omnibus Motion for Sanctions, p. 3, ¶4]. Plaintiff contends that "the conditions and symptoms documented by these providers, including panic attacks, decreased motivation, and disturbance in sleep and appetite, are attributable in whole or in part to the conduct described in the Complaint." [Exh. AA, Ans. to Interrog. No. 22]. She claims $2,146.00 in medical and psychiatric costs, along with back pay and damages for emotional distress. [*Id.*, Ans. to Interrog. No. 7].

Burroughs worked for KYMA News in Yuma, Arizona in 2022 and for KTXS Television in Abilene, Texas from 2022 to 2023. [*Id.*, Ans. to Interrog. No. 4]. She objected to giving employment history before January 1, 2022, and answered for the period after it. [*Id.*] She filed a charge against KTXS "alleging race discrimination and breach of contract," which she says is pending in arbitration. [*Id.*, Ans. to Interrog. No. 5]. She identifies her former agent, Josh Gropper of Napoli Management Group, as a person with knowledge because he emailed KTBS news director Stephanie Samuels on July 22, 2024, about Plaintiff's panic attack the day before. [*Id.*, Ans. to Interrog. No. 2].

**B. <u>Plaintiff's Authorization and Production</u>**

In discovery responses dated September 9, 2026, Burroughs answered that she "objects to and declines to sign the attached Medical Release Authorization Form as drafted." [Exh. AA, Resp. to Req. for Prod. No. 9]. Instead, she offered an authorization "limited to the specific providers identified in response to Interrogatory No. 10, the specific conditions of panic disorder, anxiety disorder, and Major Depressive Disorder, and the period from November 16, 2023 to the present," a month after KTBS hired her. [*Id.*] That form would reach no record of the heat-related illness she also claims as a disability, or from Ahavah. [*Id.*]; [Exh. AA, Ans. to Interrog. No. 10]. Asked to sign KTBS's employment-records authorization, she answered that she "objects to this Request in full" and "declines to execute" it. [*Id.*, Resp. to Req. for Prod. No. 53]. She had also written to KTBS that "[a] telephone conference is not necessary and I will not participate in one," and that "[g]oing forward, I will conduct this litigation through written correspondence, not telephone conferences." [Exh. BB, Letter of Sept. 12, 2026].

Plaintiff emailed her production to KTBS on September 13, 2026. [Doc. #49, Plaintiff's Omnibus Motion for Sanctions, p. 3, ¶4]. By her account, it included medical records from

Parkland Memorial Hospital, Arbor Internal Medicine, and Ms. Kennedy. [*Id.*] She produced nothing from Willis-Knighton, which she says has not answered her own request, or from Ahavah. [*Id.*] She objected to producing records dated before November 16, 2023. [Exh. AA, Resp. to Req. for Prod. No. 6].

**C. <u>Plaintiff's Deposition</u>**

Plaintiff asked to be deposed by videoconference, and the Court denied the request: "Plaintiff filed this lawsuit, so she must submit to an in person deposition, unless the parties otherwise agree to video." [Doc. #38]. The parties agreed to take her deposition on October 8, 2026, in Arlington, Texas. [Doc. #49, Plaintiff's Omnibus Motion for Sanctions, pp. 3-4, ¶6]. Plaintiff did not appear for the deposition, and KTBS has moved for sanctions under Rule 37(d). [Doc. #46]; [Doc. #46-1, pp. 3-4].[1]

For plaintiff's deposition, KTBS agreed to provide Burroughs with a ten-minute break each hour and a reasonable break for lunch. [Doc. #49-1, Ex. B, Letter of Sept. 1, 2026]. It also agreed to her request to have a support person present at the deposition, provided that Burroughs give the person's name 72 hours before the deposition and that the person not be someone "whom you intend or expect to call as a fact or expert witness in this action." [*Id.*] Burroughs wrote back that she "completely reject[s]" those terms. [Exh. CC-1, Email of Sept. 23, 2026]. She then described her support person, a registered nurse, as "a vital trial witness who has direct knowledge of my financial damages." [Doc. #49-1, Ex. H-4, Letter of Sept. 25, 2026].

---

[1] Plaintiff's motion refers to her Emergency Motion to Quash as Doc. #46 and to her September 4, 2026 motion for a remote deposition as Doc. #42. [Doc. #49, ¶¶ 6, 15 & p. 14]. Her Emergency Motion to Quash is Doc. #45. Doc. #46 is KTBS's Rule 37(d) motion, and Doc. #42 is KTBS's motion to extend the discovery deadline.

**D. <u>The Subpoenas</u>**

On October 1, 2026, KTBS sent Burroughs a notice letter and copies of subpoenas to the five providers, KTXS, KYMA, and Napoli Management Group. [Exh. DD]. Each provider subpoena asks for all of the provider's records concerning Plaintiff "from date of birth to present." [*Id.*] The subpoenas to KTXS, KYMA, and Napoli asks for employment records, employee communications, statements, investigative reports, and records of any work injury or workers' compensation claim. [*Id.*] Each calls for production at KTBS's counsel's office in Shreveport on November 9, 2026. [*Id.*] Burroughs received the notice the day it issued. [Doc. #49, p. 14]. No order has quashed or stayed the subpoenas. On October 6, 2026, KTBS asked each subpoena recipient not to produce until the Court rules on Plaintiff's motion, with a copy to Plaintiff. [Exh. EE].

**E. <u>The October 5 Correspondence</u>**

As of October 5, 2026, any motion to compel had to be filed by October 16, 2026. [Doc. #36]. On October 5, 2026, KTBS sent Burroughs a letter under Rule 37 about her September 9 discovery responses, including her production of medical records. [Exh. FF-1, KTBS Letter of Oct. 5, 2026]. Burroughs answered the same day. [Exh. FF-2, Burroughs' Letter of Oct. 5, 2026, p. 2] She wrote that her positions are "firm, absolute," that she "will not under any circumstances provide private waivers" while her motion is pending, and that she "will not facilitate duplicative, harassing lookups." [*Id.*] She described her production as "[a]ll relevant, non-privileged clinical and health records governing the active newsroom litigation period." [*Id.*] She maintained that "[t]he 2023-2024 timeline you certified governs both sides of this dispute equally," and that KTBS's "records dragnet is permanently dead." [*Id.*, p. 3].

## III. LAW AND ARGUMENT

### A. No Sanction is Warranted, Because the Subpoenas Rest on Plaintiff's Own Claims and Sworn Answers, and Their Defects are Cured by Modification.

#### 1. Rule 26(g) does not punish a reasonable request whose terms the Court can correct.

Rule 26(g) asks whether counsel's inquiry and conclusions were "reasonable under the circumstances," an objective standard. Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment. The certification requirement "is not meant to discourage or restrict necessary and legitimate discovery." *Id.* A sanction is mandatory only when a certification violates the rule "without substantial justification." Fed. R. Civ. P. 26(g)(3). A position is substantially justified if it could "satisfy a reasonable person," and in the discovery context the standard is met when there is a genuine dispute or reasonable people could differ. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (construing the same term in the Equal Access to Justice Act by reference to the discovery rules).

Burroughs agrees that "[h]er ADA claims place" her medical condition and her accommodation requests "at issue." [Doc. #49, Omnibus Motion, p. 2]. Her sworn answers to KTBS's interrogatories told KTBS whose records it needed. She named the providers who diagnosed or treated the conditions she says are disabilities, attributed the conditions they documented to KTBS, and claimed the cost of treating them. [Exh. AA, Ans. to Interrog. Nos. 7, 9, 10, 22]. She identified her former agent as a witness because he wrote to KTBS about her panic attack. [*Id.*, Ans. to Interrog. No. 2]. She disclosed a race-discrimination charge she filed against KTXS and gave her employment history from 2022 forward. [*Id.*, Ans. to Interrog. Nos. 4, 5]. The provider subpoenas should not have reached back to her birth, and KTBS proposes a shorter look-

back period. But the length of a look-back period is a question on which reasonable people differ, and courts answer it by setting the limit, not by sanctioning the lawyer who asked for the records.

The place and date of production stated on the forms do not warrant a sanction either. Rule 45 supplies its own remedy for a place of compliance beyond 100 miles: the court "must quash or modify" the subpoena. Fed. R. Civ. P. 45(d)(3)(A). KTBS proposes that modification, and the Court's extension of the discovery deadline, together with the compliance date KTBS proposes in Section III.C, cures the date. [Doc. #43]. Even where Rule 26(g)(3) applies, "[t]he nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances." Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment. The only expense Burroughs identifies, $103.75 in printing and postage, was not "caused by the violation." Fed. R. Civ. P. 26(g)(3). She spent it pressing objections to relevance and duplication, without first asking KTBS to change a single term.

Burroughs' allegation that KTBS contradicted itself in its definition of Relevant Period relies on a partial quotation. KTBS's preliminary statement defines a Relevant Period for its responses and explains that "[i]nformation about other employees from years before 2023, or from after Plaintiff's separation, does not tend to show why Plaintiff's Supervisors made the decisions at issue and is not proportional to the needs of the case." [Doc. #49-1, Exhs. to Omnibus Motion, Ex. A, Prelim. Stmt. 4(a)]. Plaintiff quotes fragments of that sentence and omits its subject, "[i]nformation about other employees." [Doc. #49, Omnibus Motion, pp. 2, 3, 7, 8]. The stated reason for limiting the Relevant Period concerns nonparty coworkers, whose records matter only as they show why KTBS's managers made employment-related decisions regarding those coworkers as they did. Burroughs' own history is at issue because of the claims she brought against KTBS. The same paragraph ends the Relevant Period at Plaintiff's separation "because events after

that date could not have affected the decisions she challenges." [Doc. #49-1,Exhs. to Omnibus Motion, Ex. A, Prelim. Stmt. 4(a)]. That reason also concerns why KTBS's managers acted. Burroughs' later records go to the conditions and treatment costs she claims, and the authorization she herself proposed ran "to the present." [Exh. AA, Resp. to Req. for Prod. No. 9].

Burroughs also says that KTBS invoked the Relevant Period to refuse her request for records of Bill Lunn's separation. [Doc. #49, Omnibus Motion, p. 8]. The response she cites states that Lunn "is not a party to this action" and that documents about why he resigned on June 3, 2024, a date within that period, "do not tend to show why he made" the decisions she challenges. [Doc. #49-1, Exhs. to Omnibus Motion, Ex. A, Resp. to Req. for Prod. No. 27]. That is an objection to producing a non-party's separation records, not an objection based on dates. Judicial estoppel does not apply in any event, because it requires a prior position that "a court accepted." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (*en banc*); *see New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). No court has ruled on KTBS's objections.

Burroughs also faults KTBS for issuing the subpoenas without first asking her about the records she had produced. [Doc. #49, Omnibus Motion, pp. 7, 11]. Rule 45 requires notice, not a conference: when a subpoena commands production of documents, "before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Burroughs received that notice the day the subpoenas issued. [Doc. #49, Omnibus Motion, p. 14]. KTBS had also already asked her for the records by requesting authorizations, and she declined to sign the forms KTBS served. [Exh. AA, Resp. to Req. for Prod. Nos. 9, 53]. By then, she had told KTBS that she would not take part in a telephone conference. [Exh. BB, Letter of Sept. 12, 2026]. When KTBS wrote to her on October 5 about the gaps in her

production, she answered that she "will not facilitate duplicative, harassing lookups." [Exh. FF-2, Burroughs' Letter of Oct. 5, 2026, p. 2].

The timing Burroughs calls suspicious followed the course of discovery. Burroughs conditioned some answers on entry of a protective order and emailed her production on September 13. [Exh. AA, Ans. to Interrog. No. 20]; [Doc. #49, ¶4]. The Court entered the Consent Protective Order on September 24. [Doc. #40]. KTBS issued the subpoenas a week later. The subpoenas ask nothing of Burroughs before her deposition. Nor does the Napoli subpoena tell the agency anything about Burroughs' condition it did not already know, because its agent wrote to KTBS about her panic attack in 2024. [Exh. AA, Ans. to Interrog. No. 2].

**2. Rule 45(d)(1), §1927, and inherent power do not reach this conduct.**

Rule 45(d)(1) protects "a person subject to the subpoena" from undue burden or expense. Fed. R. Civ. P. 45(d)(1). No recipient has complained, and no one has been put to any expense. On October 6, 2026, KTBS asked every recipient not to produce the requested records until the Court rules, extended each recipient's time to comply to fourteen days after KTBS's written notice of the ruling, and told each one that it will not be in default by withholding production in the meantime. [Exh. EE]. The $103.75 Burroughs alleges she spent printing and mailing her motions is not an expense of a person subject to a subpoena.

Section 1927 reaches an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. §1927. Sanctions under it require "clear and convincing evidence" and "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010) (internal quotation marks omitted) (affirming denial of §1927 sanctions). "Because of the punitive nature of § 1927 sanctions, and in order not to chill legitimate advocacy, the provision must be strictly construed."

*Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). Eight subpoenas that KTBS has offered to narrow before any recipient produces a page do not unreasonably or vexatiously multiply these proceedings.

Sanctions under inherent power require "a specific finding that the attorney acted in" bad faith, and "the threshold for the use of inherent power sanctions is high." *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995) (internal quotation marks omitted). The conduct Burroughs cites, which is the subpoenas, KTBS's discovery objections, and its position on the format of her deposition, is ordinary litigation. KTBS's refusal of a remote deposition, which Burroughs offers as evidence of improper purpose, [Doc. #49, Omnibus Motion, ¶5 & p. 11], is the position the Court adopted when it ruled that she "must submit to an in person deposition, unless the parties otherwise agree to video." [Doc. #38]. Burroughs has since written that she "will appear in person on Thursday, October 8, 2026." [Exh. CC-2, Letter of Sept. 29, 2026]. She did not appear. [Doc. #46-1, Mem. in Supp. KTBS Motion for Sanctions, pp. 3-4].

Burroughs' remaining charge of bad faith concerns KTBS's objection to her interrogatories beyond the twenty-fifth. [Doc. #49, Omnibus Motion, pp. 9-10]. That objection has nothing to do with the subpoenas, and a disagreement over how to count discrete subparts under Rule 33(a)(1) is not evidence of bad faith. If Burroughs disputes the objection, the remedy is a motion to compel after the conference Local Rule 37.1 requires, and the question is not before the Court on this motion.

**3. Two of the decisions on which Plaintiff relies cannot be found.**

Burroughs' motion rests in part on two decisions that KTBS cannot locate. For the proposition that Rule 26(g) makes sanctions mandatory, she cites *Chawi v. State Farm Fire & Cas. Co.*, 2019 WL 3162417 (W.D. La. 2019). [Doc. #49, Omnibus Motion, p. 6]. For the proposition

that a plaintiff who seeks damages for emotional distress "does not open her lifetime medical history," she cites *In re EEOC*, 207 F.3d 657 (5th Cir. 2000). [Doc. #49, Omnibus Motion, p. 8]. KTBS searched Westlaw for each decision and could locate neither. The only Fifth Circuit decision of that name KTBS found, *In re EEOC*, 207 F.App'x 426 (5th Cir. 2006), concerns the EEOC's own claims of privilege and does not address a plaintiff's medical records. Burroughs repeated the *In re EEOC* citation in her October 5 letter. [Exh. FF-2, Burroughs' Letter of Oct. 5, 2026, p. 2].

Rule 11 holds an unrepresented party to the same duty of inquiry that Burroughs invokes against KTBS's counsel. By presenting a motion, "an attorney or unrepresented party certifies" that, after "an inquiry reasonable under the circumstances," its "legal contentions are warranted by existing law." Fed. R. Civ. P. 11(b)(2). KTBS does not move for sanctions. It asks only that the Court disregard both citations. Neither proposition is the law as Burroughs states it in any event.

**B. <u>Burroughs' condition is at issue, and the few records she chose to produce do not substitute for her providers' records.</u>**

To prevail on her ADA claims, Burroughs must prove "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. §12102(1)(A). "When a plaintiff asserts a disability discrimination claim, her underlying disability is necessarily put at issue, making medical records relating to that disability relevant and broad discovery appropriate." *Rogers v. Orleans Par. Sheriff Off.*, No. 2:22-CV-5303, 2025 WL 3760764, at *8 (E.D. La. Dec. 30, 2025). The psychotherapist-patient privilege Burroughs invokes is one that "the patient may of course waive." *Jaffee v. Redmond*, 518 U.S. 1, 15 n.14 (1996). A plaintiff who puts her medical condition at issue "waives any privilege to her medical records," *Rogers*, 2025 WL 3760764, at *8, and the Court there ordered a disability-discrimination plaintiff to authorize release of her psychotherapy notes. *Id.*, at *13. Burroughs sues on the specific psychiatric disorders her counselor and psychologist treated, and she seeks compensatory damages for emotional distress. [Doc. #1,

pp. 7, 12]. She also filed her physician's letters and accommodation forms, and her counselor's diagnosis and treatment plan, as exhibits to her Complaint. [Doc. #1-2, pp. 3-4, 39-58]. Publicly available information does not become Confidential merely because it is produced in discovery. [Doc. #40, Consent Prot. Order, ¶ 2].

Burroughs argues that a claim for emotional-distress damages does not open her medical history. [Doc. #49, Omnibus Motion, p. 8]. The decision she cites for that argument cannot be found, as shown in Part III.A.3, *supra*.. The argument also misses the point: KTBS seeks records because the conditions they document are the disabilities on which Burroughs sues, not merely because she claims emotional distress.

The Fifth Circuit has not chosen among the approaches district courts use to decide whether a plaintiff has waived the psychotherapist-patient privilege. *Equal Emp. Opportunity Comm'n v. Eastbox LLC*, No. 4:23-CV-814, 2025 WL 41915, at *3 (E.D. Tex. Jan. 7, 2025). Burroughs has waived it under each of them, and as the party claiming the privilege, she bears the burden of showing that she has not. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 474 (N.D. Tex. 2005). The decisions that decline to find waiver from a "garden-variety" request for emotional-distress damages turn on the absence of exactly the facts present here. Garden-variety claims are contrasted with claims "that result in a specific psychiatric disorder or prevent a person from working." *Id.*, at 475. Burroughs alleges both. The circumstances that do place a plaintiff's mental condition at issue include "an allegation of specific mental or psychiatric injury or disorder" and the "plaintiff's concession that her mental condition is in controversy." *Connick v. W. Concrete Pumping, Inc.*, No. 2:25-CV-1376, 2026 WL 2066095, at *3 (E.D. La. July 17, 2026) (internal quotation marks omitted). Burroughs alleges specific psychiatric disorders, names the providers who diagnosed them, attributes them to KTBS, and concedes that her ADA claims place her medical condition at

issue. [Exh. AA, Ans. to Interrog. Nos. 9, 10, 22]; [Doc. #49, Omnibus Motion, p. 2]. Courts that apply a broader rule reach the same result: a plaintiff who seeks damages for emotional distress and for the cost of treatment waives the privilege, because the defendant must be able to test whether the conduct sued on, or something else, caused the condition. *Hardy v. Scandinavian Airlines Sys*., No. 2:21-CV-1591, 2025 WL 416106, at *9 (E.D. La. Feb. 6, 2025): *Eastbox*, 2025 WL 41915 at *5 (denying motion to quash subpoenas to a claimant's medical providers).

The subpoenas are not duplicative. By her own account, Burroughs produced medical records from three of the five providers she identified in her discovery responses. [Doc. #49, Omnibus Motion, ¶ 4]. She described what she produced as the "relevant, non-privileged clinical and health records governing the active newsroom litigation period," [Exh. FF-2, Burroughs' Letter of Oct. 5, 2026, p. 2], and she objected to producing records dated before November 16, 2023. [Exh. AA, Resp. to Req. for Prod. No. 6]. Rule 26(b)(2)(C)(i) limits discovery that is "unreasonably cumulative or duplicative," and a provider's chart is neither when the patient has produced only the part she considers relevant, unprivileged, and within the period she chose. The providers' records also show what they reported to KTBS when Burroughs sought accommodations, and whether her conditions began before her employment, a question her refusal to produce earlier records leaves open. [Exh. AA, Resp. to Req. for Prod. No. 6]. Dr. Ivey's November 2023 driving restriction rests on "an underlying medical condition" that it does not name. [Doc. #1-2, p. 4]. Burroughs attributes her heat-related illness to a certification by Ms. Mugadza, but she lists neither Ms. Mugadza nor Ahavah among her providers, and she describes her contact with Ahavah as "one or two telehealth contacts." [Exh. AA, Ans. to Interrog. Nos. 9, 10]; [Doc. #49, Omnibus Motion, ¶ 4].

No privilege protects the records of Burroughs' physicians and hospitals in any event. Federal law governs privilege in this federal-question case, and "there is no physician-patient privilege under federal law." *Gilbreath v. Guadalupe Hosp. Found. Inc.*, 5 F.3d 785, 791 (5th Cir. 1993). Rule 45 requires a court to quash a subpoena for privileged matter only "if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). HIPAA is not a bar. Its regulations permit a provider to disclose health information "[i]n response to an order of a court." 45 C.F.R. §164.512(e)(1)(i). The notice provisions Burroughs cites govern disclosure without an order, and they exist so that the patient can object to the court. *Id.*, at §164.512(e)(1)(iii). Burroughs brought this action, received the subpoenas the day they issued, and has objected, and under those provisions no provider may produce until her objection is resolved. *Id.*, at §164.512(e)(1)(iii)(C). KTBS told each of the five providers exactly that. Its October 6 letters state that her objections have not been resolved by the Court and that, until the Court rules on them or enters a qualified protective order, the provider should not disclose her protected health information. [Exh. EE]. The regulations also permit a disclosure that is "required by law," a term that includes "court orders." 45 C.F.R. §§164.103, 164.512(a)(1). On that basis even a counselor's psychotherapy notes may be disclosed without the patient's authorization. 45 C.F.R. §164.508(a)(2)(ii). KTBS therefore asks that the Court's order direct production of the records as modified, rather than merely permit it, and provide for their protection and return. *See* [Doc. #40, Consent Prot. Order, ¶¶2(a), 5].

Burroughs' former employers and the agency hold relevant records. Burroughs' charge against KTXS alleged race discrimination, the claim she brings here, and a plaintiff's complaints against a former employer bear on her credibility and her "motive for filing the lawsuit." *Sullivan v. Schlumberger Ltd.*, No. 4:20-CV-00662, 2021 WL 858384, at *5 (E.D. Tex. Mar. 8, 2021) (internal quotation marks omitted). The same decision holds a former employer's compensation

records relevant to earning capacity. *Id.* Burroughs was diagnosed a month after she joined KTBS, so records of any complaint, leave, or accommodation request at the two stations bear on when her conditions began. Napoli's agent emailed Lunn "about moving her to the evening shift," [Doc. #49-1, Exhs. to Omnibus Motion, Ex. A, p. 23], and wrote to KTBS about her panic attack. [Exh. AA, Ans. to Interrog. No. 2]. Burroughs' physician named live shots as a trigger of her panic, and she gave KTBS a restriction against outdoor work in heat, so a request at an earlier station to be excused from those duties bears on whether the limitations she attributes to her time at KTBS began before it, whatever reason she gave. [Doc. #1-2, pp. 51-54].

### C. <u>The Court should modify the subpoenas as KTBS proposes, not quash them.</u>

The party seeking to quash must show that compliance would be "unreasonable and oppressive," and "modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). A party has standing to challenge a subpoena to a nonparty only if she has a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Burroughs has that interest in her own records, but she may not rest on any burden to the recipients, none of which has objected or claimed any burden. *See Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218-19 (M.D. La. 2016). KTBS proposes these modifications.

The five provider subpoenas will reach records dated January 1, 2022, or later concerning any evaluation, diagnosis, or treatment of anxiety, panic disorder, depression, or another mental or emotional condition; heat-related illness; any work, driving, or activity restriction; medications prescribed for those conditions; and billing for that care. They exclude records of substance-abuse treatment. January 1, 2022 is the start date of KTBS's interrogatory and request concerning

Burroughs' mental-health providers, and the date from which Burroughs answered for her employment history. [Exh. AA, Ans. to Interrog. Nos. 4, 10; Resp. to Req. for Prod. No. 6].

The KTXS and KYMA subpoenas will reach Burroughs' application and résumé, dates of employment, positions, compensation, evaluations and discipline, reason for separation, any complaint, charge, leave, or accommodation request she made, and any other request made by her or on her behalf to change her duties or schedule or to excuse her from any duty, whatever reason was given. The injury, light-duty, accident, investigative report, and workers' compensation requests are withdrawn. The Napoli subpoena will reach communications with or about KTBS, records of Burroughs' placement with KTBS, and communications dated January 1, 2022, or later with or about any station that employed Burroughs or considered employing her, concerning any accommodation or leave she requested or any request made by her or on her behalf to change her duties or schedule or to excuse her from any duty, whether or not it was called an accommodation and whatever reason was given.

The place of compliance for each recipient will be its own business address stated in the subpoena, and a recipient may instead mail or electronically deliver the records to KTBS's counsel. KTBS will furnish Burroughs a copy of each production within seven days after receiving it.

A subpoena served within the discovery period but returnable after it is untimely unless the deadline is extended. *Nelson v. Landry*, No. 3:20-CV-837, 2022 WL 5237898, at *3 (M.D. La. Sept. 16, 2022). On a party's timely motion, the Middle District extended its deadline for the sole purpose of compliance with such subpoenas and deemed them timely rather than quashing them. *Id*. KTBS moved under Fed. R. Civ. P. 16(b)(4) to extend the discovery deadline, citing Burroughs' motions among its reasons, and the Court extended the deadline to complete discovery and file motions to compel to November 13, 2026. [Doc. #42]; [Doc. #43]. KTBS asks that the recipients

be allowed to comply within fourteen days after KTBS's written notice of the Court's ruling, the period KTBS gave each of them on October 6, 2026, [Exh. EE], and that any production received after November 13, 2026, be deemed timely.

These modifications grant most of the alternative relief Burroughs requests. She asks that any subpoena the Court does not quash be limited to records of the condition and accommodations at issue, require compliance within 100 miles of the recipient, be returnable within the discovery period, and require that she receive a copy of any production. [Doc. #49, Omnibus Motion, p. 12]. KTBS proposes the first and second, and the fourth with seven days rather than three for her copy, and the Court's extension of the discovery deadline, with the compliance date KTBS proposes, addresses the third. The one material difference is her request that the subpoenas be confined to KTBS's Relevant Period of January 1, 2023, through November 19, 2024. [*Id.*] She restated that position on October 5. [Exh. FF-2, Burroughs' Letter of Oct. 5, 2026, p. 3]. That period governs KTBS's responses about other employees, not Burroughs' own history. It would also end the medical records at her separation, although the authorization Burroughs herself proposed ran "to the present," and it would cut off the 2022 records that show whether her conditions began before she joined KTBS. [Exh. AA, Resp. to Req. for Prod. No. 9].

**D. <u>Plaintiff's remaining requests are not properly before the Court.</u>**

Burroughs certifies that "she did not confer with defense counsel before filing this Motion." [Doc. #49, Omnibus Motion, p. 14]. Rule 26(c)(1), Local Rule 37.1, and Local Rule 7.4.1 require that conference. She asks the Court to excuse the requirement because of the "expedited timeline" before her October 8 deposition. [*Id.*] She did not appear for that deposition, [Doc. #46-1, Exhs. to KTBS Motion for Sanctions, pp. 3-4], and the Court has since extended the discovery deadline to November 13, 2026. [Doc. #43]. A conference could have resolved the place of compliance, the

return date, the form of the employment subpoenas, and the copy of each production, all of which KTBS proposes to correct. Only the dispute over the period of time would have remained, and on that Burroughs' position is "firm, absolute." [Exh. FF-2, Burroughs' Letter of Oct. 5, 2026, p. 2].

Plaintiff also asks for a protective order forbidding KTBS to seek any of her medical or mental-health records beyond those she has produced, and forbidding contact with her treating providers and her former agent without leave of Court. [Doc. #49, Omnibus Motion, p. 13]. Good cause for a protective order "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks omitted). Burroughs offers no facts of that kind. She asserts that once a provider or agent is contacted "the intrusion on privileged communications and on Plaintiff's business relationships cannot be undone." [Doc. #49, Omnibus Motion, p. 12]. KTBS had already addressed that concern. On October 6, 2026, the day before her motion was filed, KTBS asked each recipient in writing to hold production until the Court rules, with a copy to Plaintiff. [Exh. EE]. Her request that the Court stay compliance with the subpoenas pending its ruling is therefore moot. [Doc. #49, Omnibus Motion, p. 12]. The modified subpoenas, the Consent Protective Order, and the order KTBS proposes answer that concern. An order barring any contact with the witnesses she herself identified would also keep KTBS from preparing its defense to the claims she brought.

Nor should the Court "confirm" the arrangements for her October 8 deposition. That request is moot. Plaintiff did not appear for the deposition, and KTBS has moved for sanctions under Rule 37(d), asking in the alternative that the Court order her to appear on a date certain. [Doc. #46, KTBS Motion for Sanctions]; [Doc. #46-1, Exhs. to KTBS Motion for Sanctions, pp. 9-10]. Any terms for a rescheduled deposition can be addressed there or at the telephone status

conference the Court has set for November 9, 2026 [Doc. #60]. KTBS has not withdrawn its agreement to the hourly breaks, and the support person was always subject to the conditions stated above, which Burroughs rejected. [Doc. #49-1, Exhs. to Omnibus Motion, Ex. B]; [Exh. CC-1, Email of Sept. 23, 2026]. However, with Burroughs now being represented by counsel, the need for a support person should be unnecessary. Further, KTBS agreed to take Burroughs' deposition in Arlington, Texas, while she was representing herself. Now that she has counsel, KTBS has asked that her rescheduled deposition be taken in Shreveport, where she filed this suit.

Burroughs calls two later letters threats. [Doc. #49, Omnibus Motion, ¶7]. The first asked for the support person's name and said that, if Burroughs intended to bring a witness, KTBS would ask the Court "to designate the persons who may be present, so that the question is decided before October 8." [Doc. #49-1, Exhs. to Omnibus Motion, Ex. D, Letter of Sept. 24, 2026]. The second stated that KTBS "has not withdrawn its agreement to allow a support person." [*Id.*, Letter of Sept. 29, 2026]. It offered either a support person who would not be a witness or that the nurse wait outside the room and come to her at breaks or if she needs care. [*Id.*] That offer met the need Plaintiff herself had described. In proposing a remote deposition four days earlier, she wrote that the nurse could monitor her "without her being physically co-located in your examining room." [Doc. #49-1, Exhs. to Omnibus Motion, Ex. H-4, Letter of Sept. 25, 2026]. She answered that her support person "will be sitting at that conference table directly beside me." [Exh. CC-2, Letter of Sept. 29, 2026]. No motion concerning a support person is before the Court, and the Court need not confirm terms that Burroughs herself rejected.

**IV. <u>CONCLUSION</u>**

KTBS respectfully requests that the Court deny Burroughs' requests for sanctions under Rule 26(g), Rule 45(d)(1), 28 U.S.C. §1927, and its inherent power; deny her requests for a written

reprimand, an order quashing the subpoenas, and a protective order forbidding the discovery; deny as moot her request to stay compliance with the subpoenas pending the Court's ruling; modify the October 1, 2026 subpoenas as stated in Section III.C; allow the recipients to comply within fourteen days after KTBS's written notice of the Court's ruling, and deem any production received after November 13, 2026, timely; order the providers to produce the records described in the modified subpoenas; and order that the records produced may be designated Confidential under [Doc. #40] and must be returned or destroyed within sixty days after final resolution of this action.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: s/ *Elizabeth M. Carmody*
Elizabeth Mendell Carmody, #25792
Luke D. Whetstone, #37355
Parker J. Hall, #40390

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850
elizabeth.carmody@cookyancey.com
luke.whetstone@cookyancey.com
parker.hall@cookyancey.com

ATTORNEYS FOR DEFENDANT,
KTBS, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of November, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, with notice to be sent by operation of the court's electronic filing system to all counsel of record.

s/ *Elizabeth M. Carmody*
OF COUNSEL