**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CHELSIE BURROUGHS | CIVIL ACTION NO.: 5:25-cv-01933 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KTBS, LLC | MAG. JUDGE MARK L. HORNSBY |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO QUASH DEFENDANT'S RULE 45 SUBPOENAS AND REQUEST FOR AN EMERGENCY PROTECTIVE ORDER UNDER RULE 26(c)**

MAY IT PLEASE THE COURT:

## I. INTRODUCTION

Plaintiff's Emergency Motion to Quash Defendant's Rule 45 Subpoenas and Request for an Emergency Protective Order Under Rule 26(c) [Doc. #45] (the "Emergency Motion") challenges the same eight nonparty subpoenas, and asks for the same relief, as her later Omnibus Motion for Mandatory Sanctions and for a Protective Order Concerning Defendant's October 1, 2026 Third-Party Subpoenas [Doc. #49] (the "Omnibus Motion"), which by its own terms "supplements, and incorporates by reference," the Emergency Motion. [Doc. #49, p. 1]. KTBS has filed its memorandum in opposition to the Omnibus Motion. [Doc. #61] ("Omnibus Opp."). To avoid duplicative briefing, KTBS adopts and incorporates that opposition, including its exhibits, which are cited here by the same letters, and the modifications of the subpoenas it proposes, and responds here only to the points the Emergency Motion raises that the Omnibus Motion does not.

As KTBS explained in its Omnibus Opposition, the subpoenas as issued reached back too far, included requests for injury and workers' compensation records that this case does not involve, and called for production in Shreveport, rather than near each recipient, on a date after the discovery deadline then in effect. [Doc. #61, Omnibus Opp., §§I, III.C, pp. 1, 15-17]. Each of those

defects is cured by modification, which KTBS has proposed, and none is a reason to quash the subpoenas or to sanction counsel.

## II. BACKGROUND

Plaintiff Chelsie Burroughs emailed the Emergency Motion to KTBS's counsel on October 1, 2026, the day KTBS served notice of the subpoenas, and the Emergency Motion was filed on October 2, 2026. [Doc. #42, KTBS Motion for Ext. of Disc. and Disp. Motion Deadlines, p. 2]; [Doc. #47, Notice of Motion Setting for Emerg. Motion]. On October 3, 2026, she emailed the Omnibus Motion, which was filed on October 7, 2026. [Doc. #42, p. 2]; [Doc. #50, Notice of Motion Setting for Omnibus Motion]. Both motions ask the Court to quash all eight subpoenas, to enter a protective order barring further discovery of her medical and prior-employment history without leave of Court, and to sanction KTBS's counsel. [Doc. #45, Emergency Motion, pp. 1, 4]; [Doc. #49, Omnibus Motion, pp. 12-13]. The Court noticed both motions on October 14, 2026. [Doc. #47]; [Doc. #50]. On KTBS's motion, the Court has extended the deadline to complete discovery and file motions to compel to November 13, 2026. [Doc. #42]; [Doc. #43].

The Emergency Motion relies in part on Burroughs' then-upcoming deposition, which it calls an "in-person hotel confrontation" that KTBS forced on her. [Doc. #45, p. 4]. Burroughs did not appear for that deposition on October 8, 2026, and KTBS has moved for sanctions under Rule 37(d). [Doc. #46]; [Doc. #46-1, pp. 3-4]. Counsel enrolled for Burroughs on October 26, 2026. [Doc. #56]. The Court has set a telephone status conference for November 9, 2026. [Doc. #60]. KTBS has asked her counsel that her rescheduled deposition be taken in Shreveport, where she filed this suit. [Doc. #61, Omnibus Opp., §III.D, pp. 17-19].

## III. LAW AND ARGUMENT

### A. KTBS's opposition to the Omnibus Motion answers the Emergency Motion.

Each ground the Emergency Motion asserts is answered in KTBS's opposition to the Omnibus Motion: that KTBS's Relevant Period for its own discovery responses bars discovery of Burroughs' history, [Doc. #61, Omnibus Opp., §§III.A.1, III.C, pp. 6-9, 15-17]; that the psychotherapist-patient privilege, HIPAA, and Rule 45(d)(3)(A)(iii) protect her medical and counseling records, and that a claim for emotional distress does not waive the privilege, [*id.*, at §III.B, pp. 11-15]; that the records of her former employers and talent agency are irrelevant, [*id.*]; that KTBS showed bad faith by insisting on an in-person deposition, [*id.*, at §III.A.2, pp. 9-10]; that the subpoenas should be quashed rather than modified, [*id.*, at §III.C, pp. 15-17]; and that a protective order should bar further discovery without leave of Court, [*id.*, at §III.D, pp. 17-19].

The Emergency Motion adds one assertion: that "[f]ederal courts consistently hold" that subpoenas to a plaintiff's prior employers or talent agency are "an abusive, high-pressure tactic." [Doc. #45, p. 3]. It cites no decision for that proposition. At least one court in this Circuit has denied an emergency motion to quash a subpoena to a plaintiff's former employer that rested on "broad assertions" of privacy and reputational harm. *Sullivan v. Schlumberger Ltd.*, No. 4:20-CV-00662, 2021 WL 858384, at *3 (E.D. Tex. Mar. 8, 2021). The records KTBS seeks here are relevant for the reasons KTBS has stated, [Doc. #61, Omnibus Opp., §III.B, pp. 11-15], and the modifications KTBS proposes limit the subpoenas to those records. [*Id.*, at §III.C, pp. 15-17].

### B. The Emergency Motion contains no certificate of conference.

A motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). This Court's rules require the same for discovery

motions and non-dispositive motions. LR 37.1; LR 7.4.1. The Omnibus Motion at least certifies that Burroughs did not confer. [Doc. #49, p. 14]; [Doc. #61, Omnibus Opp., §III.D, pp. 17-19]. The Emergency Motion contains no certificate at all. [Doc. #45, pp. 4-5]. Burroughs served it the afternoon KTBS served notice of the subpoenas, although she had told KTBS nearly three weeks earlier that she would "confer in good faith on any issue that arises, promptly and substantively, in writing." [Doc. #61-2, Exh. BB, Letter of Sept. 12, 2026]. A movant who joins a motion to quash with a Rule 26(c) motion must make the certification, and the failure to confer is itself a basis for denying a discovery motion. *Hardy v. Scandinavian Airlines Sys*., No. 2:21-CV-1591, 2025 WL 416106, at *7 (E.D. La. Feb. 6, 2025).

**C. <u>Rule 37(a)(5)(B) gives Burroughs no basis for an award of expenses.</u>**

The Emergency Motion asks for "cost-shifting sanctions" that it calls "mandatory" under Rule 37(a)(5)(B). [Doc. #45, p. 4]. That provision applies when a motion is denied, and it runs in favor of "the party or deponent who opposed the motion." Fed. R. Civ. P. 37(a)(5)(B); *see* Fed. R. Civ. P. 26(c)(3) (applying Rule 37(a)(5) to motions for protective order). Even if the Court granted the motion, it "must not order" payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," if the opposing party's position "was substantially justified," or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Burroughs filed her Emergency Motion without conferring, and KTBS's position is substantially justified for the reasons stated in its opposition to the Omnibus Motion. [Doc. #61, Omnibus Opp., §III.A, pp. 6-11]. KTBS does not seek its expenses on this motion.

**D. <u>Equitable estoppel does not apply.</u>**

The Emergency Motion invokes "the doctrine of Equitable Estoppel" for the same contradiction the Omnibus Motion asserts: that KTBS cannot limit its own discovery responses to a defined period while seeking Burroughs' earlier records. [Doc. #45, p. 2]. KTBS's opposition to the Omnibus Motion explains that the charge rests on a partial quotation, that KTBS's response about Bill Lunn's separation rests on his status as a nonparty rather than on dates, and that judicial estoppel does not apply. [Doc. #61, Omnibus Opp., §III.A.1, pp. 6-9]. Equitable estoppel fares no better. The party claiming it "must have relied on its adversary's conduct 'in such a manner as to change his position for the worse.'" *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 59 (1984). Burroughs identifies no representation by KTBS on which she relied and no change in her position. Indeed, she objected to producing her records dated before November 16, 2023, in discovery responses served September 9, 2026, nearly three weeks before KTBS served the responses she now invokes. [Doc. #61-1, Exh. AA, Resp. to Req. for Prod. No. 6]; [Doc. #45, Emergency Motion, p. 2].

**IV. <u>CONCLUSION</u>**

For these reasons and those stated in its opposition to the Omnibus Motion [Doc. #61], KTBS respectfully requests that the Court deny Burroughs' Emergency Motion [Doc. #45], including her requests for an order quashing the subpoenas, a protective order, and expenses; modify the October 1, 2026 subpoenas as stated in Section III.C of the Omnibus Opposition; allow the subpoena recipients to comply with those subpoenas within fourteen days after KTBS's written notice of the Court's ruling, and deem any production received after November 13, 2026, timely; order the providers to produce the records described in the modified subpoenas; order that the records produced may be designated Confidential under [Doc. #40, Consent Prot. Order] and must

be returned or destroyed within sixty days after final resolution of this action; and enter the attached proposed order.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: s/ *Elizabeth M. Carmody*
Elizabeth Mendell Carmody, #25792
Luke D. Whetstone, #37355
Parker J. Hall, #40390

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850
elizabeth.carmody@cookyancey.com
luke.whetstone@cookyancey.com
parker.hall@cookyancey.com

ATTORNEYS FOR DEFENDANT,
KTBS, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of November, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, with notice to be sent by operation of the court's electronic filing system to all counsel of record.

s/ *Elizabeth M. Carmody*
OF COUNSEL