RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

NOV 2 4 2026

DANIEL J. McCOY, CLERK
BY: ______

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| CHELSIE BURROUGHS | * | CIVIL ACTION NO.: 5:25-cv-01933 |
| | * | |
| VERSUS | * | JUDGE S. MAURICE HICKS, JR. |
| | * | |
| KTBS, LLC | * | MAGISTRATE JUDGE HORNSBY |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 37(d), CROSS-MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY, AND MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c)**

Plaintiff Chelsie Burroughs, appearing pro se, respectfully opposes the Motion for Sanctions Under Rule 37(d) for Plaintiff's Failure to Appear for Her Deposition (the "Motion") and supporting Memorandum ("Mem.") filed by Defendant KTBS, LLC ("KTBS") on October 9, 2026 [Doc. #46]. KTBS asks the Court to dismiss Plaintiff's claims with prejudice. Plaintiff asks the Court to deny the Motion in its entirety, enter a Protective Order under Federal Rule of Civil Procedure 26(c) and Rule 30(b)(4) directing that her deposition proceed remotely by videoconference with medical accommodations, and grant her Cross-Motion for costs and expenses against defense counsel, Elizabeth M. Carmody, under 28 U.S.C. § 1927, Rule 37(a)(5)(B), and the Court's inherent authority. This filing is supported by the attached Declaration of Chelsie Burroughs and Exhibits A through V.

## MEMORANDUM IN SUPPORT

## I. INTRODUCTION

KTBS has vexatiously used the Court system to bully and harass a disabled pro se plaintiff. It asks the Court to dismiss this civil rights action with prejudice because Plaintiff did

not attend a single deposition on October 8, 2026, after telling KTBS in writing, three times, that she needed to retain counsel before being questioned by the lawyer she had just moved to sanction. The Fifth Circuit holds that dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim," permitted only upon a "clear record of delay or contumacious conduct by the plaintiff" where "lesser sanctions would not serve the best interests of justice." Brown v. Oil States Skagit Smatco, 664 F.3d 71, 77 (5th Cir. 2011). KTBS cannot come close to that standard. Its own written admissions show no prejudice and no bad faith by Plaintiff, and its Motion was filed without the conference Local Rule 37.1 requires.

The sequence is documented in KTBS's own letters. On October 6, defense counsel admitted in writing that an extension would give the parties time to complete "your deposition if it is not finished on October 8" (Ex. B) and that KTBS had "no objection to 90 days" (Ex. C). At 10:35 p.m. on October 7, she refused to move the date and threatened Rule 37(d) sanctions in the same email (Ex. E). Two days later, she moved to dismiss this case with prejudice, without a single telephone call or meeting, days after Plaintiff moved to quash KTBS's eight third-party subpoenas and sought sanctions [Doc. #45; Doc. #49]. On October 20, she wrote to schedule that same deposition and agreed to notice it in Arlington (Ex. F). Six days after Plaintiff's counsel enrolled, she reversed course and asked to move the deposition to Shreveport, Louisiana (Ex. U). That conduct is not the record of a prejudiced party. It is the record of a party manufacturing a default.

The Motion should be denied. The Court should enter a Rule 26(c) protective order requiring Plaintiff's deposition to proceed remotely, with safeguards against further oppression, decide Plaintiff's pending motions [Doc. #45; Doc. #49], and award Plaintiff her costs against

defense counsel under 28 U.S.C. § 1927, Rule 37(a)(5)(B), and the Court's inherent authority. Plaintiff is ready to be deposed by Zoom or Microsoft Teams as soon as that order is entered.

## II. STATEMENT OF RELEVANT FACTS

1. Plaintiff's Claims and Disability. Plaintiff is a self-represented litigant whose remaining claims are her Americans with Disabilities Act claims (disability discrimination, failure to accommodate, and retaliation) and her Title VII claims (race discrimination and retaliation), which survived KTBS's motion to dismiss. [Doc. #34]. She has a diagnosed panic disorder and a clinical restriction on driving, and paying for interstate travel, lodging, and transportation imposes a severe financial strain on her. (Declaration ¶¶ 4, 10; Ex. V.) Because of these conditions, Plaintiff repeatedly requested accommodations for her deposition, including a remote videoconference format, periodic breaks, and the presence of a non-testifying support person. (Exs. O, P.)

2. Pre-October 8 Communications (Exhibits I–Q). In her September 21, 2026 letter, Plaintiff offered six deposition dates, including October 8, and a telephone call on September 23 limited to confirming the date. (Ex. O.) KTBS selected October 8, and Plaintiff accepted it in writing and confirmed it on September 23, September 24, and October 5. (Exs. C, E, Q.) Meanwhile, defense counsel's September 1 letter refused a remote deposition, conditioned the support person on a list of terms, required Plaintiff to answer any pending question before a break, and stated that if she had to return to Arlington to complete the deposition, "you will be responsible for my costs and fees to do so." (Ex. I.) On September 3, defense counsel acknowledged Plaintiff's August 28, 2026 letter from Alyssa Musheff, PA-C, and confirmed that KTBS "remains willing" to provide additional breaks and a support person. (Ex. J.) On September 29, she threatened to ask the Court under Rule 26(c)(1)(E) to decide who could be present if Plaintiff did not accept KTBS's terms by October 1. (Ex. Q; see Ex. H ¶ 7.)

3. Plaintiff's Written Communications (Exhibits L, O, P). Plaintiff told defense counsel on September 12 that she would conduct the litigation in writing so that both sides would have an accurate record, and she stated: "I will confer in good faith on any issue that arises, promptly and substantively, in writing." (Ex. L.) On September 21 she offered six dates and a telephone call (Ex. O), and on September 25 she offered to conduct the deposition by Zoom or Microsoft Teams at no cost to KTBS (Ex. P). KTBS did not accept that offer. (Ex. Q.)

4. The Subpoenas, Plaintiff's Motions, and the October 5 Letter (Exhibits A, G, H, R, S). On October 1, 2026, defense counsel served eight third-party subpoenas on Plaintiff's treating providers, her therapist, former employers, and former talent management company. (Ex. H ¶ 8.) Plaintiff moved to quash them the same day [Doc. #45] (Ex. G), and on October 3 she served her Omnibus Motion for Mandatory Sanctions and for a Protective Order [Doc. #49] (Ex. H). As Plaintiff showed in her Motion to Quash, KTBS had objected to producing records concerning News Director Bill Lunn and other newsroom colleagues as "overbroad and outside the strict temporal scope of employment," while it sought Plaintiff's medical and employment history through eight subpoenas. (Ex. G.) On October 5, two days after Plaintiff's Omnibus Motion, defense counsel sent a ten-page deficiency letter to Plaintiff, who was unrepresented, demanding supplemental responses by October 7 and Plaintiff's full Social Security number so that KTBS could obtain her records "by authorization or subpoena," while the Motion to Quash was pending. (Ex. A; Exs. R, S.)

5. Three Written Notices (Exhibits B–E, T). On October 6, Plaintiff sent her case file to the office of attorney Joshua M. Palmintier seeking representation, and she wrote to defense counsel asking to continue the deposition so she could finalize legal representation. (Declaration ¶ 7; Ex. T.) Defense counsel's own October 6 letter suggested that Plaintiff "may wish to consult

a lawyer" and stated that an extension would give the parties time to complete discovery, "including your deposition if it is not finished on October 8." (Ex. B.) Her email that evening stated that KTBS had "no objection to 90 days" and that "[i]f a lawyer enrolls for you before then and wants to discuss the deposition, I will speak with that lawyer." (Ex. C.) Plaintiff asked again at approximately 7:15 p.m. on October 7, writing that she had "been advised" she needed representation (Ex. D), and again on the morning of October 8 (Mot. Ex. I). At 10:35 p.m. on October 7, defense counsel refused to reschedule, announced that "KTBS will make a record of your absence and ask the Court for relief under Rule 37(d)," and asked Plaintiff to have any lawyer contact her. (Ex. E.)

6. KTBS's Motion and Its Reversal on Location (Exhibits F & U). On October 8, 2026, the Court extended the discovery deadline. [Doc. #43]. On October 9, without telephoning Plaintiff or meeting with her, defense counsel filed KTBS's Motion seeking dismissal with prejudice. [Doc. #46]; (Declaration ¶ 11). On October 20, she wrote to Plaintiff that "KTBS intends to take your deposition prior to the expiration of this new discovery deadline," asked for Plaintiff's availability before November 13, and stated: "As a courtesy to you, however, KTBS will notice your deposition in Arlington, Texas." (Ex. F.) Plaintiff formally retained attorney Joshua M. Palmintier of Palmintier, Thrower & Treuting, L.L.C. on October 21, 2026, and counsel formally enrolled on October 22, 2026. [Doc. #53; Doc. #56]. On October 28, six days after counsel enrolled, defense counsel emailed counsel's office that, "we drove to Arlington, Texas, booked hotel rooms, and paid for a conference room, court reporter and videographer resulting in no deposition, we would like for Ms. Burroughs' deposition to take place in Shreveport since she filed suit here," offered to host it at KTBS's counsel's office, and stated that

KTBS would not schedule a deposition with time restrictions that denied it the full seven hours. (Ex. U.)

7. Former Counsel and Plaintiff's Emergency Care (Exhibit V). After Plaintiff retained Mr. Palmintier, she followed his instruction to hold off on responding to the Motion [Doc. #46] while he reviewed her file. (Declaration ¶ 9.) His representation of Plaintiff ended on November 9, 2026. [Doc. #66]. On November 12, 2026, Plaintiff was treated in the Emergency Department at Methodist Mansfield Medical Center for acute anxiety, rapid heart rate, and shortness of breath. (Ex. V.) Plaintiff attests that the litigation pressure described above, namely the eight subpoenas on her doctors and therapist, the preconditions on her deposition, a motion to dismiss filed without conferring, and the demand for interstate travel despite her documented disability, directly exacerbated her panic disorder and triggered the acute episodes for which she sought emergency care. (Declaration ¶ 10.) On November 9, the Court entered a Scheduling Order extending discovery to July 9, 2027 and setting trial for May 15, 2028. [Doc. #64].

## III. LAW AND ARGUMENT

### A. KTBS's Own Letters Refute Its Claims That Plaintiff Was Uncooperative and Refused to Confer, and Its Motion Fails Local Rule 37.1.

KTBS's Motion and Memorandum assert that Plaintiff was uncooperative about deposition scheduling, deliberately refused to be deposed, and refused to confer. The record refutes each assertion.

First, defense counsel's own September 3, 2026 letter (Ex. J) acknowledges Plaintiff's written willingness to proceed. It states: "You previously advised in writing that you are 'generally available on weekdays between now and the October 16, 2026, discovery deadline' and that you are 'prepared to move forward with scheduling regardless of whether [K]TBS agrees to a remote format or wishes to proceed in person in the Dallas/Fort Worth area as

previously discussed.'" (Ex. J.) Defense counsel would not have quoted Plaintiff's written willingness to move forward if Plaintiff were obstructing the deposition. Her own letter proves that Plaintiff offered to complete it from the start.

Second, on September 21, 2026, Plaintiff provided six concrete deposition dates (October 2, 3, 8, 9, 10, and 15, 2026), expressly including October 8, and offered a telephone call on September 23 between 4:30 and 5:30 p.m., "strictly limited to confirming the deposition date." (Ex. O.) Plaintiff had said on September 12 that she preferred to proceed in writing (Ex. L), but she stated then that she would confer in good faith, and by September 21 she had offered a call and six dates. October 8 came from her list, and she accepted and confirmed it in writing on September 23, September 24, and October 5. (Exs. C, E, Q.) A party who offers six dates and a call is cooperating.

Third, Local Rule 37.1 provides that a discovery motion will not be accepted for filing unless accompanied by a certificate of counsel that counsel conferred, in person or by telephone, to try to resolve the matter, and it places the burden of arranging that conference on the moving party. LR 37.1 (W.D. La.). The dispute in KTBS's Motion is Plaintiff's October 8 absence and the relief KTBS seeks for it. Defense counsel never telephoned Plaintiff or met with her about the October 8 postponement or the October 9 Motion. (Declaration ¶ 11.) KTBS's certificate describes only a single email, sent the day before filing, asking Plaintiff to identify her lawyer. (Mot. 4.) That email proposed no date and no resolution. KTBS did not comply with the Rule, and the Motion should be denied on that ground alone.

**B. Dismissal With Prejudice Is an Extreme Sanction That KTBS Cannot Justify Under Brown and Conner.**

Rule 37(d)(3) incorporates the sanctions listed in Rule 37(b)(2)(A)(i)–(vi), including dismissal. Fed. R. Civ. P. 37(d)(3). But in this Circuit, dismissal with prejudice is "an extreme

sanction that deprives a litigant of the opportunity to pursue his claim," and it is permitted only upon a "clear record of delay or contumacious conduct by the plaintiff" where "lesser sanctions would not serve the best interests of justice." Brown, 664 F.3d at 77. KTBS itself relies on FDIC v. Conner, 20 F.3d 1376, 1380–81 (5th Cir. 1994) (Mem. 5). Conner's four requirements are not met:

First, the failure must be "the result of willfulness or bad faith, and not from the inability to comply." Conner, 20 F.3d at 1380–81. There was none. Plaintiff did not defy any order of the Court; the October 8 date was set by KTBS's notice, and Plaintiff told KTBS in writing on October 6, October 7, and October 8 that she had been advised to retain counsel and asked for the soonest date that worked for everyone. (Exs. D, T; Mot. Ex. I.) She then retained counsel on October 21, who enrolled on October 22. [Doc. #53; Doc. #56]. A litigant who gives advance written notice, explains why, asks for a new date, and then retains a lawyer is the opposite of willful.

Second, dismissal requires that "the deterrent value of Rule 37 cannot be substantially achieved by the use of less severe sanctions." Id. The simplest lesser measure is available and complete: a Court-ordered remote deposition on a date within the discovery period. Plaintiff offered exactly that on September 25 (Ex. P) and renews the offer now.

Third, the Court asks whether the neglect is attributable to the party or to counsel. Plaintiff's need to retain counsel and her counsel's instruction to hold off on responding to the Motion while he reviewed her file [Doc. #66] are procedural transitions, not contumacy. (Declaration ¶ 9.)

Fourth, the Court asks whether the opposing party suffered substantial prejudice. KTBS suffered none, as shown in Section III.E: its own counsel wrote that the deposition could be

completed after October 8 and that KTBS had no objection to 90 days, and trial is not set until May 15, 2028, roughly eighteen months away. [Doc. #64].

Fifth Circuit law also strongly favors resolving federal civil rights claims on their merits. Plaintiff's Title VII and ADA claims have already survived KTBS's motion to dismiss. [Doc. #34]. KTBS's Rule 37(d) Motion is an attempt to obtain through a scheduling dispute the dismissal it could not obtain on the merits. Plaintiff is also a self-represented litigant held to less stringent standards than lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

KTBS also invokes Rule 37(d) as a punitive shortcut. Plaintiff's Emergency Motion to Quash [Doc. #45] and her Omnibus Motion for Mandatory Sanctions and for a Protective Order [Doc. #49] were already before the Court when KTBS filed its Motion. Those motions placed the parameters of discovery, including the support person, the format, and the subpoenas, squarely in dispute. The proper course was to let the Court resolve those disputes, not to seek dismissal for missing a deposition set while they were pending.

Finally, KTBS comes to the Court with unclean hands. It asks for the most severe sanction available while violating Local Rule 37.1; while having attempted to impose unauthorized financial preconditions on the deposition, including costs and fees if the deposition had to be continued (Ex. I); while demanding Plaintiff's full Social Security number to obtain her records while a Motion to Quash was pending (Ex. A); and after writing on October 20 that it would notice the deposition in Arlington and then moving the location six days after Plaintiff's counsel enrolled (Ex. F; Ex. U). A party in that position is not entitled to equitable relief.

**C. Plaintiff Gave Prompt, Transparent Notice and Retained Counsel; KTBS Encouraged Her to Do Exactly That, and Then Sought Dismissal for It.**

Plaintiff did not disappear. She accepted and confirmed October 8 and, when she concluded that she needed a lawyer before sitting alone for questioning by the counsel she had

just moved to sanction, she told KTBS three times in writing, on October 6, October 7, and October 8. (Exs. D, T; Mot. Ex. I.) She told KTBS why: she "ha[d] been advised" that she needed representation. (Ex. D.) She then retained counsel on October 21, and he enrolled on October 22. [Doc. #53; Doc. #56]. Conduct of this kind, openly communicated and followed by retaining counsel, is not a "clear record of delay or contumacious conduct." Brown, 664 F.3d at 77.

KTBS cannot punish Plaintiff for doing what it told her to do. Defense counsel's October 6 letter suggested that Plaintiff "may wish to consult a lawyer" (Ex. B). Her October 20 letter asked for the name of any lawyer representing Plaintiff (Ex. F), and her October 6 email promised that "[i]f a lawyer enrolls for you before then and wants to discuss the deposition, I will speak with that lawyer" (Ex. C). Yet when Plaintiff paused the October 8 deposition specifically so counsel could be retained and enrolled, KTBS sought dismissal with prejudice. KTBS cannot urge an unrepresented plaintiff to obtain counsel and then ask the Court to dismiss her case because she took the time to do so.

The timing of the October 5 letter shows why Plaintiff needed counsel. Two days after Plaintiff moved for sanctions against defense counsel, defense counsel sent a ten-page deficiency letter to an unrepresented, disabled plaintiff with a deadline of October 7, together with a demand for her full Social Security number, while Plaintiff's Motion to Quash was pending. (Ex. A; Doc. #45.) Securing legal representation before sitting alone for questioning by that lawyer was a necessity, not bad faith.

KTBS has also waived any claim that the October 8 non-appearance prevents it from taking Plaintiff's deposition, and it has mooted its own Motion. On October 20, 2026, after filing the Motion, defense counsel wrote to Plaintiff that KTBS "intends to take your deposition prior

to the expiration of this new discovery deadline," asked for Plaintiff's availability before November 13, said she would set a date if Plaintiff did not provide one, and agreed to notice the deposition in Arlington. (Ex. F.) KTBS cannot ask the Court to dismiss this case with prejudice over October 8 while moving forward to schedule the same deposition. Its own conduct treats the deposition as one that can still be completed, and that ends any claim of substantial prejudice or need for dismissal.

Defense counsel has repeatedly cited Doc. #38 as though it ended the question of a remote deposition. She wrote that the Court "has ruled that you must be deposed in person [Doc. #38]" (Ex. E) and that it "ruled on September 14, 2026, that you must submit to an in-person deposition unless the parties agree otherwise" (Ex. F). Doc. #38 did no more than apply Fed. R. Civ. P. 30(b)(4) to the record as it stood on September 14. That record did not include KTBS's October 28 request to move the deposition to Shreveport (Ex. U), and it did not include Plaintiff's November 12, 2026 emergency treatment (Ex. V). Both came later. Rule 30(b)(4) allows the Court to order a remote deposition, and Rule 26(c)(1) independently authorizes a protective order against oppression and undue burden. Changed medical circumstances and a newly imposed travel burden each require a protective order now.

**D. KTBS's Motion Was Retaliation for Plaintiff's Challenge to Its Subpoenas, and Its Double Standards Expose Its Claim of "Delay."**

The sequence of events establishes that KTBS's Motion was retaliation. For weeks, defense counsel acknowledged Plaintiff's written willingness to be deposed (Ex. J). On October 6, she confirmed in writing that an extension would allow time to complete Plaintiff's deposition after October 8 (Ex. B). But in the days after Plaintiff moved to quash KTBS's eight subpoenas on October 1 [Doc. #45] and sought sanctions against defense counsel on October 3 [Doc. #49], defense counsel sent a 48-hour deficiency ultimatum on October 5 (Ex. A), refused Plaintiff's

rescheduling requests (Exs. C, E), and on October 9 moved to dismiss Plaintiff's entire lawsuit with prejudice [Doc. #46]. The only thing that changed between October 6 and October 9 was that Plaintiff had challenged KTBS's discovery conduct and asked for counsel.

KTBS's accusation of delay is also hypocritical. KTBS wrote on October 6 that it had "no objection to 90 days" to extend discovery (Ex. C), and it moved for an extension itself. Yet it accuses Plaintiff of delay for asking for the same schedule flexibility. KTBS objected to producing records concerning News Director Bill Lunn as "overbroad and outside the strict temporal scope of employment" (Ex. G), while serving eight third-party subpoenas into Plaintiff's medical and employment history. A party that claims prejudice from a one-day scheduling change while seeking unlimited discovery of Plaintiff's life cannot be heard to complain of delay.

KTBS's own letters also show the preconditions and pressure it placed on Plaintiff's accommodation requests. On September 1, defense counsel conditioned the support person on a list of terms, required Plaintiff to sign and return the letter as "AGREED AND ACCEPTED," required her to answer any pending question before a break, and stated that if she had to return to Arlington to complete the deposition, "you will be responsible for my costs and fees to do so." (Ex. I.) Rule 30 contains no such preconditions. On September 3, after acknowledging Plaintiff's August 28 letter from Alyssa Musheff, PA-C, she agreed to additional breaks and a support person but refused a remote deposition. (Ex. J.) On September 29, she wrote that if Plaintiff did not accept KTBS's terms by October 1, "KTBS will ask the Court under Rule 26(c)(1)(E) to designate which person(s) may be present." (Ex. Q.) That deadline fell on the day KTBS served eight invasive subpoenas on Plaintiff's providers, therapist, and employers. (Ex. H ¶ 8.) KTBS's stated objection was that the support person was a witness (Ex. Q), which a remote deposition

with a non-testifying support person in Plaintiff's own room, as Plaintiff offered on September 25 (Ex. P), would have resolved. Although Exhibit Q later states that KTBS was "not asking you to sign anything or to pay any cost," that came only after Exhibit I had demanded exactly that.

**E. KTBS's Own Letters and Doc. #64 Prove That It Suffered No Prejudice.**

KTBS cannot show prejudice when its own counsel wrote that an extension would give the parties time to complete "your deposition if it is not finished on October 8" (Ex. B), that KTBS had "no objection to 90 days" (Ex. C), and on October 20 that KTBS "intends to take your deposition prior to the expiration of this new discovery deadline" (Ex. F). The Court has since entered a Scheduling Order extending discovery to July 9, 2027, and setting trial for May 15, 2028. [Doc. #64]. KTBS has nearly eight months to depose Plaintiff and about eighteen months before trial. A delay that KTBS anticipated in writing and that falls well within the revised schedule is not substantial prejudice, and no sanction, much less dismissal, is warranted.

**F. No Expenses Should Be Awarded: Rule 37(d)(3) and Rule 1.**

Expenses are not to be awarded where the failure "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Both exceptions apply. Plaintiff gave prompt written notice three times, explained her reason, and asked for the next date that worked for everyone, while a dispute over KTBS's eight subpoenas was pending. KTBS had told her in writing that the schedule could be extended to allow her deposition to be completed after October 8, and the Court then extended it. [Doc. #43].

The just, speedy, and inexpensive determination of every action is the purpose of the Rules. Fed. R. Civ. P. 1. KTBS's claimed travel expenses for October 8 were self-inflicted. Defense counsel rejected Plaintiff's zero-cost Zoom proposal of September 25 (Exs. P, Q) and ignored three advance notices on October 6, 7, and 8 (Exs. D, T; Mot. Ex. I). KTBS also had a duty to mitigate. It knew from Plaintiff's notice at 7:15 p.m. on October 6 and 7 that she would

not appear (Exs. D, T), and its counsel announced in advance that she would "make a record of [Plaintiff's] absence" (Ex. E). Costs KTBS chose to incur to make that record are not a basis for shifting expenses to Plaintiff.

Plaintiff is a disabled, self-represented individual litigant of modest means, whereas KTBS is a commercial television broadcaster. Shifting KTBS's self-inflicted costs to Plaintiff, or requiring her to pay for interstate travel to Shreveport, would impose financial oppression and would be manifestly "unjust" within the meaning of Rule 37(d)(3). See also Fed. R. Civ. P. 26(c)(1)(B) (court may specify the time and place of discovery and the allocation of expenses).

**G. Rules 26(c) and 30(b)(4) Require That Plaintiff's Deposition Proceed Remotely, With Safeguards Against Further Oppression.**

Rule 26(c)(1) authorizes the Court, for good cause, to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," and Rule 30(b)(4) authorizes the Court to order that a deposition be taken by remote means. As explained in Section III.C, Doc. #38 applied Rule 30(b)(4) to the September 14 record, and the facts have changed materially since then.

First, Plaintiff has a documented panic disorder and a clinical restriction on driving, and both have worsened. (Declaration ¶¶ 4, 10.) KTBS knew of her condition. On September 3, 2026, defense counsel acknowledged Plaintiff's August 28, 2026 letter from Alyssa Musheff, PA-C, and agreed to additional breaks and a support person. (Ex. J.) Having reviewed that medical information and agreed to accommodate it, KTBS is estopped from treating Plaintiff's condition as irrelevant now that it has deteriorated to the point of emergency care. (Ex. V.)

Second, the harm is concrete. On November 12, 2026, Plaintiff required emergency department treatment at Methodist Mansfield Medical Center for acute panic symptoms: acute anxiety, rapid heart rate, and shortness of breath. (Ex. V.) Plaintiff attests under penalty of

perjury that her driving restriction and panic disorder have worsened, that the acute panic attacks, rapid heart rate, and shortness of breath that sent her to the emergency department were triggered by the litigation pressure described above, and that interstate travel to Shreveport is medically unsafe and physically impossible for her. (Declaration ¶ 10; 28 U.S.C. § 1746.) That pressure includes the eight subpoenas on her doctors and therapist, the preconditions on her deposition (Ex. I), a motion to dismiss filed with no conference, and the request that she travel to Shreveport. Exhibit V objectively verifies the emergency treatment, and Plaintiff's sworn testimony establishes what preceded it. Together they show "oppression" and "undue burden" under Rule 26(c)(1).

Third, KTBS's October 28 email adds a travel burden that did not exist on September 14. On October 20, defense counsel promised in writing: "KTBS will notice your deposition in Arlington, Texas." (Ex. F.) On October 28, six days after Plaintiff's counsel enrolled, she wrote: "we would like for Ms. Burroughs' deposition to take place in Shreveport," offered to host it at her office, and refused any time restriction that would deny KTBS seven hours. (Ex. U.) KTBS has refused a remote deposition (Exs. I, J). Whether phrased politely or not, seeking to require a disabled Texas resident of modest means with a driving restriction to bear the expense and medical risk of traveling across state lines to Louisiana, after promising Arlington, is textbook "oppression [and] undue burden or expense" under Rule 26(c)(1) and (c)(1)(B).

A remote deposition by Zoom or Microsoft Teams eliminates that hardship at no travel cost to KTBS, and it gives KTBS a full video examination of Plaintiff on camera. KTBS's stated reason for insisting on in-person testimony, the ability to observe Plaintiff's demeanor (Ex. J), is fully met by video. Plaintiff requests an order under Rules 26(c) and 30(b)(4) and (d)(3) that: (1) the deposition proceed by Zoom or Microsoft Teams on a date within the discovery period set by

Doc. #64; (2) a non-testifying support person may be present in the room with Plaintiff to monitor her physical symptoms; (3) Plaintiff receive a 10-to-15-minute break every hour, or sooner if acute anxiety symptoms occur; (4) scheduling be handled by written protocol; (5) defense counsel not impose private financial preconditions on the deposition or threaten sanctions during it; and (6) Plaintiff may, under Rule 30(d)(3), suspend the deposition to present a motion to terminate or limit it if questioning is conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses her.

## IV. CROSS-MOTION FOR COSTS AND EXPENSES UNDER 28 U.S.C. § 1927, RULE 37(a)(5)(B), AND THE COURT'S INHERENT AUTHORITY

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions require evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court. Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998). The Court also has inherent authority to sanction bad-faith conduct and Rule 37(a)(5)(B) provides for the award of expenses when a motion is denied. Defense counsel's own timeline demonstrates bad faith and improper motive. It shows an effort to manufacture a procedural default, to punish a disabled pro se plaintiff for challenging abusive subpoenas and retaining counsel, and to multiply these proceedings vexatiously. Four elements, each shown by her own records, establish it.

1. Manufacturing a default she knew was unnecessary. Bad faith is shown when counsel refuses a routine scheduling accommodation despite admitting in writing that no deadline pressure exists. On October 6, defense counsel admitted that an extension would allow time to complete "your deposition if it is not finished on October 8" (Ex. B) and that KTBS had "no objection to 90 days" (Ex. C). Yet at 10:35 p.m. on October 7, she refused to reschedule and

threatened Rule 37(d) sanctions in the same email (Ex. E). She then used the non-appearance she had refused to prevent to seek dismissal with prejudice two days later. [Doc. #46].

2. Bypassing the mandatory conference rule to ambush a pro se litigant. She sought the ultimate penalty of dismissal with prejudice without placing a single telephone call or holding a conference under Local Rule 37.1, relying instead on a single email sent the day before filing asking who Plaintiff's lawyer was. (Mot. 4; Declaration ¶ 11.) That shows an intent to obtain a windfall dismissal, not to resolve a scheduling issue.

3. Retaliatory timing after Plaintiff challenged the subpoenas. Defense counsel escalated immediately after Plaintiff moved to quash the eight subpoenas on October 1 [Doc. #45] and served her Omnibus Motion for Sanctions on October 3 [Doc. #49]. She sent the 48-hour deficiency ultimatum on October 5 (Ex. A), refused Plaintiff's rescheduling requests (Exs. C, E), and moved for dismissal with prejudice on October 9 [Doc. #46].

4. Reversing her own Arlington promise once counsel enrolled. On October 20, she promised in writing: "KTBS will notice your deposition in Arlington, Texas" (Ex. F). On October 28, six days after Plaintiff's counsel enrolled, she wrote: "we would like for Ms. Burroughs' deposition to take place in Shreveport" (Ex. U), while KTBS was refusing any remote deposition (Exs. I, J) and knew of Plaintiff's documented medical condition (Ex. J). That is gamesmanship that imposes physical and financial hardship and multiplies proceedings.

Plaintiff therefore asks the Court to order defense counsel to reimburse her actual out-of-pocket costs incurred in opposing the Motion, to formally admonish defense counsel for the vexatious multiplication of these proceedings, and to award such other relief as the Court deems appropriate under 28 U.S.C. § 1927, Fed. R. Civ. P. 37(a)(5)(B), and its inherent authority. Plaintiff does not seek attorney's fees.

## V. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

1. Denying KTBS's Motion for Sanctions [Doc. #46] in its entirety, including its requests for dismissal with prejudice, expenses and attorney's fees, and any other sanction;

2. Granting a Protective Order under Federal Rules of Civil Procedure 26(c) and 30(b)(4) and (d)(3) directing that: (a) Plaintiff's deposition be taken remotely by Zoom or Microsoft Teams on a date within the discovery period set by the Scheduling Order [Doc. #64]; (b) a non-testifying support person be permitted to be present with Plaintiff to monitor her physical symptoms; (c) Plaintiff receive a 10-to-15-minute break every hour, or sooner if acute anxiety symptoms occur; (d) all scheduling communications be in writing; (e) defense counsel be prohibited from imposing private financial preconditions or threatening sanctions during the deposition; and (f) Plaintiff may suspend the deposition under Rule 30(d)(3) to present a motion to terminate or limit it if questioning is conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses her;

3. Granting Plaintiff's Cross-Motion and ordering defense counsel to pay Plaintiff's actual out-of-pocket costs and expenses incurred in responding to the Motion under 28 U.S.C. § 1927, Fed. R. Civ. P. 37(a)(5)(B), and the Court's inherent authority, and formally admonishing defense counsel for the vexatious multiplication of these proceedings;

4. Adjudicating and granting Plaintiff's pending Emergency Motion to Quash [Doc. #45] and Omnibus Motion for Mandatory Sanctions and Protective Order [Doc. #49], so that all pending discovery disputes are resolved together; and

5. Granting such other and further relief as the Court deems just and proper.

Plaintiff is ready and willing to complete her deposition immediately by Zoom or Microsoft Teams once the Protective Order is entered. She is advancing this case toward trial, while KTBS has manufactured delay.

Dated: November 20th, 2026

Respectfully submitted,
/s/ Chelsie Burroughs
Chelsie Burroughs, Plaintiff, Pro Se
9584 Eden Road, Apt. 1318
Arlington, Texas 76002
chelsieburroughs83@gmail.com
(817) 262-9537

## CERTIFICATE OF SERVICE

I certify that on November 20th, 2026, a copy of the foregoing Opposition, Cross-Motion, and Motion for Protective Order, together with the Declaration of Chelsie Burroughs, the Proposed Order, and Exhibits A through V, was served on counsel of record for Defendant KTBS, LLC by email and through the Court's electronic filing system:

Elizabeth M. Carmody, Cook, Yancey, King & Galloway, APLC, P.O. Box 22260, Shreveport, Louisiana 71120; 333 Texas Street, Suite 1700, Shreveport, Louisiana 71101; elizabeth.carmody@cookyancey.com

/s/ Chelsie Burroughs

Chelsie Burroughs

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| CHELSIE BURROUGHS | * | CIVIL ACTION NO.: 5:25-cv-01933 |
| | * | |
| VERSUS | * | JUDGE S. MAURICE HICKS, JR. |
| | * | |
| KTBS, LLC | * | MAGISTRATE JUDGE HORNSBY |

**[PROPOSED] ORDER**

Considering Defendant KTBS, LLC's Motion for Sanctions Under Rule 37(d) for Plaintiff's Failure to Appear for Her Deposition [Doc. #46], Plaintiff's Opposition, Cross-Motion, and Motion for Protective Order, and the record,

IT IS ORDERED that KTBS's Motion for Sanctions Under Rule 37(d) is DENIED in its entirety.

IT IS FURTHER ORDERED that Plaintiff's Motion for Protective Order is GRANTED / DENIED, and that, if granted, Plaintiff's deposition shall be taken remotely by videoconference on a date selected by the parties on or before the discovery deadline of July 9, 2027 [Doc. #64], with a non-testifying support person present, a 10-to-15-minute break every hour (or sooner if acute anxiety symptoms occur), and the additional protections set out in Plaintiff's motion under Rule 30(d)(3).

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion to Quash [Doc. #45] and Omnibus Motion for Mandatory Sanctions and Protective Order [Doc. #49] are GRANTED / DENIED.

IT IS FURTHER ORDERED that Plaintiff's Cross-Motion is GRANTED / DENIED.

THUS DONE AND SIGNED at Shreveport, Louisiana, this ____ day of

______________, 2026.

_______________________________
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE